THOMAS R. PHILLIPS, administrator,

*vs.*

PERLEY J. PHILLIPS, and another.

Hancock.    Opinion March 15, 1895.

*Prom. Note.    Payment.    Funeral Expenses.    R. S., c. 64, § 37.*

Where suit is brought by an administrator upon a promissory note given to the deceased intestate, and the defense set up is, that nothing is due upon the note,— that sums of money had been paid amounting to more than the note since the death of the intestate, under such circumstances that the estate was liable to reimburse them,— a direction by the court for judgment for the full amount of the note will not be sustained, if any one of the items set up in defense should have been allowed in reduction of the note.

The law pledges the credit of the estate of the deceased for a decent burial immediately after the decease, and for such reasonable sums as may be necessary for that purpose, even though such expenses may have been incurred after the death and before the appointment of an administrator.

ON EXCEPTIONS.

The case appears in the opinion.

*A. W. King*, for plaintiff.
*F. L. Mason*, for defendants.

SITTING: PETERS, C. J., FOSTER, WHITEHOUSE, STROUT, JJ.

FOSTER, J.    Suit by an administrator on a promissory note for two hundred dollars, dated November 21, 1889, signed by the defendants and running to the plaintiff's intestate.

The defense claimed there was nothing due upon the note — that certain sums of money, amounting to two hundred and eighty-seven dollars, had been paid since the death of the intestate under such circumstances that the estate was liable to reimburse them therefor.

At the conclusion of the evidence, the presiding justice ruled that the evidence for the defendants did not establish a defense, and directed a verdict for the amount of the note.

If there was any one of the items for which the defendants were legally entitled to be reimbursed, the ruling cannot be sustained.

Most of the items going to make up the two hundred and eighty-seven dollars were never paid, or if paid, were paid since the appointment of the plaintiff as administrator, and therefore, in the absence of any request on the part of the plaintiff for such payment, cannot be allowed in reduction of the note in suit. But we think the item of nineteen dollars paid to Arno Hooper for grave, singers, box for casket, and six dollars paid to Edward Saunders for carrying the corpse to Dedham for interment, must be regarded as a legal and just claim against the estate, and therefore should have been allowed upon the note. The evidence shows that they were paid before the appointment of an administrator, and that they were part of the necessary funeral expenses of plaintiff's intestate. The necessity of a decent burial arises immediately after the decease, and the law, both ancient and modern, pledges the credit of the estate for the payment of such reasonable sums as may be necessary for that purpose, even though such expenses may have been incurred after the death and before the appointment of an administrator. R. S., c. 64, § 37 ; *Hapgood* v. *Houghton*, 10 Pick. 154 ; *Adams* v. *Butts*, 16 Pick. 343 ; *Sweeney* v. *Muldoon*, 139 Mass. 304 ; *Trueman* v. *Tilden*, 6 N. H. 201 ; *Rogers* v. *Price*, 3 Young & Jervis (Exch.), 28 ; 3 Wm. Ex. *1789 ; *Tobey* v. *Miller*, 54 Maine, 480, 482.

None of the other items can be allowed upon the note.

If the plaintiff will remit the amount of the two items mentioned, amounting to twenty-five dollars with interest from the death of his intestate, the verdict is to stand for the remainder, otherwise the exceptions must be sustained.