[No. 7135. Decided September 22, 1908.]

J. G. CUNNINGHAM *et al.*, *Respondents*, v. GEORGE P. LAKIN, *Administrator etc.*, *Appellant*.[1]

EXECUTORS AND ADMINISTRATORS — CLAIMS — EXPENSES OF LAST SICKNESS. Compensation for services of physicians, rendered to deceased during his last sickness, do not depend upon a contract with the deceased, but are given a preference right of payment over ordinary expenses of the estate, by Bal. Code, §§ 6333, 6335, 6336.

APPEAL—REVIEW—AMENDMENTS. In an action tried before the court without a jury, the superior court will on appeal consider the complaint amended to conform to the proofs.

APPEAL—RECORD—EVIDENCE. Findings as to the reasonableness of charges for a physician's services cannot be reviewed when the evidence is not brought up on appeal.

Appeal from a judgment of the superior court for Lincoln county, Warren, J., entered September 7, 1907, upon findings in favor of the plaintiff, after a trial before the court without a jury, in an action for services. Affirmed.

*C. L. Parker* and *E. P. Dole*, for appellant.

*Kenyon & Setters*, for respondents.

FULLERTON, J.—The respondents are physicians and surgeons, residing at the city of Spokane, and sue to establish their claim against the estate of Thomas Lakin, deceased, for professional services rendered Lakin during his last illness. The action was tried by the lower court without the intervention of a jury. The trial court found in favor of the respondents, and entered a judgment establishing their claim as a just and valid claim against the estate. No exceptions were taken to the findings of fact made by the trial court, and the question is here on the question of the sufficiency of these facts to support the judgment.

[1]Reported in 97 Pac. 447.

The finding on which the liability is based was stated by the court in the following language:

"(3) That on or about the 24th day of May, 1905, the said Thomas C. Lakin was kicked in the head by a horse, sustaining fractures of various bones of the face and skull and severe injuries to the bones of the face and skull and the brain, from which he was rendered unconscious, in which condition he remained until and for several hours after being operated upon by the plaintiffs herein. That at the time of receiving said injury, Stanley Peterson who was then and there in the employ of the said Thomas C. Lakin and assisting him in the work that he was then performing, called Dr. John Gunning, a duly and regularly licensed and practising physician and surgeon, to attend the said Thomas C. Lakin and to render him such professional medical and surgical aid as he might require; that the said Dr. John Gunning examined the said Thomas C. Lakin and found that the only hope and chance of saving the life of said Thomas C. Lakin lay in, and for that purpose it was necessary to perform upon the said Thomas C. Lakin, a major surgical operation; that the said Dr. John Gunning did not have and could not procure in the town of Harrington or at any nearer town than the city of Spokane, the necessary equipment for the successful performance of said major operation, and that he would require the assistance of learned and skillful surgeons in the performing of said operation, of all of which the said Dr. John Gunning then and there informed one Geo. P. Lakin, then and there present, and who was then and there the nearest living relative of the said Thomas C. Lakin, now deceased and was assuming to represent him and had assumed charge of the management of his affairs; and the said Stanley Peterson was then and there in the employ of the said Thomas C. Lakin, as aforesaid; and thereupon the said Geo. P. Lakin told the said Dr. John Gunning to procure the services of learned and skillful surgeons and have the said operation performed and to have rendered to the said Thomas C. Lakin such professional services, care and treatment as in the judgment of the said Gunning, and others to be employed, might be deemed most expedient and best; and to use and caused to be used every effort to save the life and restore the health of the said Thomas C. Lakin. That there-

upon the said Dr. John Gunning telephoned to the plaintiffs herein asking them to take charge of and perform such operation as was necessary upon the said Thomas C. Lakin, and to render such professional services as might be necessary, during which conversation the said Geo. P. Lakin was present with the said Dr. John Gunning and heard the said Gunning and was informed of what was said during the said .conversation. That thereupon the plaintiffs herein rendered certain professional services, care and treatment and performed certain major operations upon the said Thomas C. Lakin. That thereafter the said Thomas C. Lakin regained consciousness and was advised of the fact that the plaintiffs herein had rendered and were rendering certain professional services to him, the said Thomas C. Lakin, and the said Thomas C. Lakin made no objection whatever thereto or to the continuation of said services, and treatment; and thereafter plaintiffs continued to treat said Thomas C. Lakin, until the day of his death all of which was during the last sickness of the said Thomas C. Lakin."

The objection to the finding is that it fails to show any contract of employment on the part of Lakin for the rendition of the services by the physicians, and no subsequent ratification or agreement to pay on his part after the services had been rendered. The finding undoubtedly bears the construction the appellant places upon it, but we think the right of the physicians to recover for the reasonable value of their services, under circumstances such as are shown here, does not rest upon any contract with the injured person, either express or implied, but is recoverable by virtue of the statute. Services of the character here rendered are classed as expenses of the last sickness, and are given a preference right of payment over all ordinary debts out of the estate of the decedent. Bal. Code, §§ 6333, 6335, 6336 (P. C. §§ 2655, 2657, 2658). It is true that services of this character differ from administration and funeral charges, in that they are rendered during the life of the person on whose estate they are made a charge, but the necessity for their rendition is similar to that of the latter, and the law author-

izing their payment can be justified on like principles. Schouler, Executors (3d ed.), § 423.

The question whether the complaint was or was not amended to correspond with the facts proven, is of no moment here. If there is a variance between the allegations and the proofs, this court is obligated by the statute to treat the complaint as amended, since the case comes to this court as one tried on its merits in which the appellant had full opportunity to present his defense. *Peterson v. Barry, ante* p. 361, 97 Pac. 239.

Nor is the question whether the charges made by the physicians, and allowed by the court, are reasonable, material here. This is a question to be determined from the evidence, and since the evidence has not been brought to this court, we cannot review it.

The judgment is affirmed.

HADLEY, C. J., RUDKIN, ROOT, and MOUNT, JJ., concur.
DUNBAR and CROW, JJ., took no part.