[No. 10104.   Department One.   March 28, 1912.]

J. B. SMITH, *Respondent,* v. HURLEY-MASON COMPANY,

*Appellant.*[1]

CONTRACTS—IMPLIED CONTRACT. The fact that a contractor took up the work of a defaulting subcontractor and made use of the remaining lumber sold and delivered to the subcontractor, does not imply a contract on the part of the contractor to pay the lumber company the price due for the lumber sold, no agreement with the subcontractor to that effect being shown, and there being no lien on the completed work for the material furnished.

APPEAL—REVIEW—FINDINGS—EXCEPTIONS. The absence of exceptions to the findings does not preclude inquiry as to whether the findings and admitted facts sustain the judgment.

Appeal from a judgment of the superior court for Cowlitz county, McKenney, J., entered July 22, 1911, upon findings in favor of the plaintiff, in an action on contract and to foreclose a materialman's lien against a railroad, after dismissal as to the railroad company and a trial to the court. Reversed.

*T. L. Stiles,* for appellant.

*Joseph O'Neill,* for respondent.

PARKER, J.—This action was originally commenced by the plaintiff, J. B. Smith, against E. F. Ackerman, Hurley-Mason Company, and Northern Pacific Railway Company, to recover judgment against the several defendants, and to foreclose a lien claim against certain culverts and the land on which they are situated, belonging to the railway company. The plaintiff's claim is for the value of lumber furnished to Ackerman, for the construction of the culverts, who had a subcontract under Hurley-Mason Company, which company had a contract with the railway company to construct the culverts. Long before the cause came to trial, it was dis-

[1]Reported in 122 Pac. 361.

missed as to the railway company. This resulted in the foreclosure question being eliminated. The remaining issues were only such as are involved in an ordinary action at law for the recovery of a personal money judgment, and of course called for trial and disposition of the case as if it had been commenced for that purpose only. A trial before the court without a jury resulted in findings of fact upon which personal judgment was rendered against Hurley-Mason Company alone, from which it has appealed. While some contention is made upon the sufficiency of the complaint to state a cause of action against appellant, we think the cause can be disposed of more satisfactorily upon the trial court's findings and the admitted facts shown by the pleadings, which may be summarized as follows:

Appellant had a contract with the railway company to construct culverts on the line of its railway, and subcontracted the construction of some of them to Ackerman. It is plain from the pleadings that the relation of Ackerman to appellant was only that of an independent contractor. Ackerman proceeded with the work under his subcontract, and purchased lumber from respondent and Ostrander Railway & Timber Company to be used in carrying on the work. Thereafter appellant took possession of the work so subcontracted to Ackerman, and completed it, using the lumber then on the ground. There is nothing in the record showing the reason for appellant taking charge of the work it had subcontracted to Ackerman. It seems fair to assume, however, that it was because of some breach of the subcontract on the part of Ackerman. That, however, is of no consequence here. The only findings of fact made by the trial court are as follows:

"(1) That the plaintiff, J. B. Smith, between the 18th day of May and the 23d day of June, 1910, sold and delivered to E. F. Ackerman, 45,725 feet of lumber at the agreed value of $480.47, and the Ostrander Railway & Timber Company, between the 10th day of May and the 14th day of June, 1910, sold and delivered to E. F. Ackerman

lumber of the agreed value of $373.11, and that said Os-
trander Railway & Timber Company, prior to the commence-
ment of this action assigned, transferred its claim for lum-
ber sold and delivered to E. F. Ackerman to the plaintiff
herein who is now the owner and holder of the same.

"(2)   That the lumber sold and delivered as above speci-
fied has not been paid to either said plaintiff or said Os-
trander Railway & Timber Company, and there is now due
the plaintiff for said lumber, the sum of $853.58.

"(3)   That prior to the time the lumber was sold and at
the time the same was delivered, the defendant, E. F. Acker-
man, had a contract with defendant, Hurley-Mason Com-
pany, to furnish material and construct certain culverts;
that the lumber sold and delivered to said E. F. Ackerman
by the plaintiff, and the Ostrander Railway & Timber Com-
pany, was material which was necessary to complete the work
which the said E. F. Ackerman had contracted to perform
for the Hurley-Mason Company in constructing the cul-
verts, and after said lumber had been delivered and before
the same had all been used in prosecuting the work by the
said E. F. Ackerman, the said Hurley-Mason Company took
possession of the work which had been contracted to the said
E. F. Ackerman, also all lumber which had been delivered
by plaintiff and the Ostrander Railway & Timber Company,
and used the same, which had not been used by said E. F.
Ackerman in completing the work; that the defendant, Hur-
ley-Mason Company received the full benefit of all said lum-
ber and has not paid E. F. Ackerman for the part which was
used in said culverts by him, nor has it paid anyone for any
of the lumber sold and delivered by plaintiff or Ostrander
Railway & Timber Company."

The court's conclusions of law indicate that it was of the
opinion that respondent was entitled to judgment against
appellant upon the theory that, having used the lumber un-
der these circumstances, it thereby assumed and agreed to
pay respondent and the timber company therefor.   Respond-
ent's counsel requested the court to find certain facts evidenc-
ing a contract between appellant and Ackerman binding ap-
pellant to pay for the lumber, other than the facts found by
the court as above quoted.   The court refused to make the

requested findings. We mention this to show that the findings made by the court should in no event be construed as showing a contract binding appellant to pay respondent and the timber company for the lumber, unless the mere fact of the use of the lumber by appellant under the circumstances found by the court impliedly created a promise to pay therefor.

These facts, it seems to us, leave little to be said upon the subject of their legal effect upon the respective rights of the parties. When the lumber was sold and delivered by respondent and the Timber Company to Ackerman, of course the title to the lumber passed to Ackerman, and he thereby became indebted to them for the amount of the purchase price thereof. It may be that they also then acquired some lien rights against the property of the railway company; but it does not follow that appellant became personally liable for the payment of the purchase price of the lumber due from Ackerman. Appellant never used lumber belonging to respondent or the timber company. It was accountable to Ackerman only therefor. It is only by reason of some express statutory provision that respondent could even have a lien on the property which the lumber was furnished to improve. There is no law making appellant responsible for the value of the lumber, except only to the owner from whom it acquired the lumber. When I purchase property from another who has good title to it, I am liable only to him who sells to me, and do not have to see that he pays a debt which he contracted in acquiring the property. Of course, fraud, or a garnishee process, or some express statutory provision might affect the question of my personal liability; but nothing of that nature is here involved. We are of the opinion that under no view of the facts here shown, can appellant be held liable to respondent for the value of the lumber.

Some contention is made in behalf of respondent upon the theory that, to dispose of the cause in this manner, is in effect to review the findings when no exceptions were taken

thereto. We are not reviewing the findings with a view of testing their truthfulness as statements of facts. No question of fact is here involved, but only the question of whether or not the facts admitted by the pleadings, together with these found by the court, sustain the judgment. The rule that findings of fact cannot be reviewed, in the absence of the evidence and exceptions, only has reference to reviewing the findings, together with the evidence upon which they are based, for the purpose of testing their truthfulness as statements of facts. The absence of the evidence and of exceptions to the findings does not stand in the way of this court's determining the question of whether or not the judgment is legally in accord with the findings and admitted facts. *Cunningham v. Lakin*, 50 Wash. 394, 97 Pac. 447; *Pack v. Peabody*, 58 Wash. 76, 107 Pac. 839.

The judgment is reversed and the action dismissed.

DUNBAR, C. J., CROW, GOSE, and CHADWICK, JJ., concur.