[No. 17650.    Department Two.    May 9, 1923.]

SOL SMITH, *Appellant*, v. FRED EICHNER, *as Executor etc., Respondent.*[1]

EXECUTORS AND ADMINISTRATORS (91-1)—CLAIMS—EXPENSES OF LAST SICKNESS—RIGHT OF HUSBAND TO REIMBURSEMENT. The expenses of a married woman's last sickness being a primary liability of her estate, a husband paying the same and taking an assignment of the bills as claims against the estate is entitled to reimbursement by allowance of the claims.

Appeal from a judgment of the superior court for Pacific county, Hewen, J., entered June 19, 1922, upon findings in favor of the defendant dismissing an action to enforce a claim against the estate of a decedent, tried to the court. Reversed.

*Welsh & Welsh* and *E. S. Snelling*, for appellant.
*Fred M. Bond*, for respondent.

FULLERTON, J.—This action was brought by the appellant to recover from the estate of his deceased wife the sum of $329.90, representing moneys expended by him for medical treatment, hospital services and nurse hire during her last sickness. Following a trial before the court sitting without a jury, a judgment of dismissal was entered, from which this appeal was taken.

The question presented by the appeal, we think, is concluded by our prior decisions.

In *Cunningham v. Lakin*, 50 Wash. 394, 97 Pac. 447, we held that, while the expenses of the last sickness dif-

[1]Reported in 215 Pac. 27.

fered from administrative and funeral charges, in that the services were rendered during the life of the decedent, yet they were similar to the latter and were chargable against the estate, not by reason of a contract, express or implied, but by virtue of the statute.

In *Butterworth v. Bredemeyer*, 74 Wash. 524, 133 Pac. 1061, speaking of funeral expenses, we said:

"It may be that a wife is liable for the reasonable funeral expenses of her husband whether she expressly promises to pay for them or not, (*Butterworth & Sons v. Teale*, 54 Wash. 14, 102 Pac. 768); but in the absence of an express promise, her liability therefore is secondary and not primary. As was held by the supreme judicial court of Maine in *Phillips v. Phillips*, 87 Me. 324, 32 Atl. 963, the necessity of a decent burial arises immediately after the decease, and the law, both ancient and modern, pledges the credit of the estate for the payment of such reasonable sums as may be necessary for that purpose, even though such expenses may have been incurred after the death and before the appointment of an administrator. In this state the funeral expenses of a deceased person are made by statute a perferred charge against his estate. Rem. & Bal. Code, § 1568 (P. C. 409, § 553); *Cunningham v. Lakin*, 50 Wash. 394, 97 Pac. 447. Under this statute, the liability of the estate must be regarded as primary, and the rule in such a case, as in other cases of primary and secondary liability, is that the creditor must exhaust his remedy against the primary fund before he can resort to the secondary fund. It is not denied, of course, that an express promise to pay the expenses of a funeral will create a primary liability against the person so promising, but it is meant that nothing less than an express promise will create such a liability. In other words, a mere direction to furnish such service and supplies is presumed to be made on the faith of the credit of the estate, and nothing short of an order and an express promise to pay for the furnishings by the person giving the order will create a primary liability on his part."

In *Constantinides v. Walsh,* 146 Mass. 281, 15 N. E. 631, 4 Am. St. 311, considering a similar case, it is said:

"The funeral expenses of the testatrix were a preferred charge upon her estate. Pub. Sts. c. 135, § 3; c. 137, § 1, St. 1882, c. 141. Under these statutes, and those establishing the independent position of married women with regard to their property, we think that, as between the estate of a married woman leaving property and her husband, the liability of the estate must be regarded as primary, and that it would be unreasonable to charge the husband for the funeral expenses, in all events, as necessaries, irrespective of any fault on his part. If then it was still, as formerly, the plaintiff's legal duty to see that his wife was buried, but her estate was primarily liable, he is entitled to recover his reasonable expenditures, as in other cases when a person has paid in pursuance of a legal duty what, as between himself and another, that other was bound to pay. There is no technical difficulty in a husband's imposing a liability upon his wife's executor after her death."

While it was the appellant's duty to furnish the services to his wife during her lifetime, yet inasmuch as we have held the estate to be primarily liable, he is entitled to reimbursement. If appellant had not paid these expenses, the estate would have been liable for them. By paying them and taking an assignment of them as claims against the estate, the appellant did not make them his primary debt, nor relieve the estate of its obligation to pay them.

The judgment is reversed and remanded with instructions to enter judgment for the appellant in the amount claimed.

Main, C. J., Parker, and Pemberton, JJ., concur.