[No. 26070. *En Banc.* October 26, 1936.]

AGNES WITTWER *et al., Appellants,* v. WILLIAM H. PEMBERTON, *as Supervisor of the State Inheritance Tax and Escheat Division, Respondent and Cross-appellant.*[1]

[1]Reported in 61 P. (2d) 993.

*McMicken, Ramsey, Rupp & Schweppe,* for appellants.

*William H. Pemberton* and *Lyle K. Summers,* for respondent and cross-appellant.

BEALS, J.— John Jacob Wittwer died April 2, 1931. His estate was probated in King county, and the administration was still pending when chapter 180, title XV, Laws of 1935, p. 768, became effective. The estate consisted of community property which theretofore, in accordance with then existing laws, had been appraised at $687,923.99. March 19, 1932, there was paid to the state of Washington $10,090.77, on account of inheritance taxes. Subsequently, the internal revenue department, for the purpose of determining the amount of estate tax due the United States, fixed the valuation of the estate at $758,876.15. Estate tax was paid the United States on the basis of this valuation.

November 8, 1935, the supervisor of inheritance tax and escheat division filed in the probate proceedings his findings as to the valuation of the estate and de-

ductions allowable for inheritance tax purposes. In these findings, he fixed the valuation of the estate at $758,876.15—the amount made the basis for the estate tax paid to the United States. In his findings, the supervisor made allowance for deduction on account of the amount of estate tax paid the United States. He allowed deduction for income taxes due the United States at the time of Wittwer's death. These allowances, however, were deducted from the valuation of the entire community estate, and not from decedent's half. Allowance for funeral expenses, monument, etc., was also deducted from the entire community estate, instead of decedent's half.

The executors filed objections which put in issue the findings of the supervisor which we have just enumerated. The court entered an order with respect thereto, from which both the executors and supervisor appeal.

The lower court took the internal revenue department's appraisal of $758,876.15 as the basis for computing the tax. It allowed estate and income taxes paid the United States, and deducted the amount thereof from the decedent's half interest in the community estate. Likewise, the funeral expenses, cost of monument, etc., were deducted from decedent's half interest in the community estate.

The supervisor now takes the position that the amount of the estate tax paid the United States is not deductible at all, and that the other allowances should be deducted from the entire community estate, and not from decedent's half interest.

So, the appeals present four questions for determination: (1) Is the valuation fixed by the internal revenue department, as the basis for determining the amount of estate taxes due the United States, the correct basis for determining the amount of inheritance taxes due the state of Washington? (2) Is the

amount paid the United States on account of estate taxes deductible? (3) Are expenses for funeral, monument, etc., deductible from the entire community estate, or only from decedent's half? (4) Is the amount due the United States for income taxes deductible from the entire community estate, or only from decedent's half?

■ *First:* In view of two recent decisions of this court, the first question is not an open one. *In re Fotheringham's Estate,* 183 Wash. 579, 49 P. (2d) 480; *In re Ward's Estate,* 183 Wash. 604, 49 P. (2d) 485. In the former case, the court, construing and adjudicating the effect of §§ 104 to 127, pp. 768-792, inclusive, of chapter 180, Laws of 1935, said:

"We therefore conclude, just as § 124 of the 1935 act says, (1) that the act, with the exception of § 115, applies to *all* cases pending on March 25, 1935, in the inheritance tax and escheat division or in any of the courts in this state, whether on appeal or otherwise, and whether the death of the decedent occurred prior or subsequent to that time . . ."

In the latter case, the identical question which is raised here was presented. The court there said:

"This, then, leaves for disposition the question raised in the appellant's first assignment of error, namely, whether the market value as fixed by the appraisement is absolute, or whether it is affected by, and subject to, an increase in valuation made under the Federal estate tax law, and consented to by the executrix. . . .

"The state has the right to avail itself of the increased valuation fixed under the Federal estate statute if such valuation is 'accepted by the estate either by agreement or through final determination in the Federal court.' This right relates to all pending estates as prescribed by § 124 of the 1935 act."

We conclude that the supervisor correctly adopted the valuation of the estate fixed by the internal rev-

eñue department as the basis for determining the amount of inheritance taxes due the state of Washington.

■ *Second:* In *In re Colman's Estate,* 187 Wash. 312, 60 P. (2d) 113, this court, sitting *En Banc,* considered the question of the deductibility of the Federal estate tax, and held that any amount paid by way of such tax should be deducted. That question has consequently been determined by this court contrary to the contention of the supervisor.

As the estate tax paid the Federal government is a tax upon an inheritance, in a community estate such as that in the case at bar the amount paid the Federal government should be deducted from the amount inherited, and not from the community estate as a whole. While under the law the entire community estate is brought into court to be administered upon, only half thereof is inherited, and that half may not go to the survivor of the community. The Federal tax, then, for the purpose of computing the tax due the state, is a proper deduction from that portion of the estate which passes by inheritance.

■ *Third:* There seems to be a dearth of authority upon the question of whether, for the purpose of computing the inheritance tax due to the state, the funeral expenses and cost of a monument or a crypt should be deducted from the community estate as a whole, or from the half thereof which belonged to the decedent. In the case at bar, the representatives of the estate contend that the amount of this expense should be deducted from the decedent's half of the estate, and in support of their argument cite *Succession of Smith,* 9 La. Ann. 107; *Succession of Pizzati,* 141 La. 645, 75 So. 498; *Succession of Solis,* 10 La. App. 109, 119 So. 768. The supreme court of Louisiana, in the cases cited, apparently held that the community in-

terest of the survivor was not chargeable with such expenses, upon the theory that, upon the death of one spouse, the community ceased to exist, and that no obligation thereafter incurred could be a community debt.

The executors also cite a decision of the United States Board of Tax Appeals, promulgated April 15, 1936, In the Matter of the Estate of Julius C. Lang, Deceased, v. Commissioner of Internal Revenue, decision No. 9299, volume C. C. H. 357, at page 23105. The complete text of this decision is not available to us, but we assume that the executors correctly advise us that the board held that the amount of the funeral expenses should, for the purposes of computing the Federal estate tax, be deducted from the one-half of the community estate which passed by inheritance.

This court, in the case of *Butterworth v. Bredemeyer*, 74 Wash. 524, 133 Pac. 1061, an action brought by an undertaker against a surviving spouse for the purpose of recovering on the charge for funeral expenses, held that the liability of such a spouse for the reasonable funeral expenses of the deceased member of the community, in the absence of an express promise, is secondary and not primary. The question of the individual liability of the survivor for such funeral expenses, in the absence of an agreement to pay, was suggested, but that matter was not determined. We are not here concerned with the individual liability of a surviving spouse; and the case is not in point.

In the case of *Smith v. Eichner*, 124 Wash. 575, 215 Pac. 27, it was held that expenses incurred during the last sickness of the wife were primarily a charge against her estate, and that the husband, who had paid the same, taking assignments thereof, upon pres-

entation of a claim against the wife's estate was entitled to reimbursement.

In the later case of *Smith v. Saul,* 128 Wash. 51, 221 Pac. 977, the rule laid down in the case last above cited was approved, although the husband was denied reimbursement, upon the ground that he had failed to show that with his own funds he had made the payments upon which his claim was based, it appearing that he had procured the money by collecting a promissory note which had been the separate property of the deceased wife.

As above stated, little authority exists which is helpful in determining the precise question here presented. We are free, therefore, to adopt that rule which seems to us the better. The estate of a deceased is liable for reasonable funeral expenses and for the cost of a suitable monument or crypt. While the community is dissolved upon the death of either spouse, we think that the liability for the proper interment of the deceased remains a primary community obligation. Whether or not the community estate should, in certain instances, be reimbursed out of the separate estate of the decedent need not be here determined. By Rem. Rev. Stat., § 1473 [P. C. § 9893], the funeral expenses are placed on a par with the expenses of the last sickness as coming ahead of an allowance in lieu of homestead.

We hold that the obligation of the community to provide a decent funeral and monument for a deceased member thereof is a primary obligation, and that for the purpose of computing the inheritance tax due to the state, the amount of such expense should be deducted from the entire estate, and not from the one-half thereof which passes by inheritance.

*Fourth:* We have no precedent by which to de-

termine the fourth question. Nor have we been cited to any analogous situations. The trial court decided this question on the theory that income taxes, accrued or due at the time of death, constitute a separate debt of the decedent. The court consequently held that the amount of such taxes was deductible from the decedent's half interest in the community estate. We agree with this view and holding. Since, for the purpose of determining liability for Federal income taxes, the community income was reported in two equal parts, one as belonging to the wife and the other to the husband, it would seem to follow that the personal liability for the tax would be several, and that collection by distraint could be had only in severalty against the half interest of each spouse in the community estate. We think the income taxes, accrued or due at the time of death, are deductible from decedent's half interest in the community estate.

The cause will be remanded, with directions to deduct the amount paid for funeral expenses, monument, etc., from the entire community estate. With this exception, the order appealed from is affirmed.

MAIN, MITCHELL, TOLMAN, HOLCOMB, and GERAGHTY, JJ., concur.

BLAKE, J. (dissenting)—I dissent with respect to the deductibility of funeral expenses from the entire community estate. In the cases cited on the point, it seems clear that, primarily at least, the decedent's half of the community estate is chargeable with such expenses. By analogy, it would seem to follow that, for the purpose of computing the inheritance tax, such expenses should be deducted from decedent's share of the community estate.

With balance of the decision I concur—since the court has heretofore decided that the amount of the

estate tax paid to the Federal government is deductible.

MILLARD, C. J., and STEINERT, J., concur with BLAKE, J.

ON REHEARING.

[*En Banc.* February 23, 1937.]

PER CURIAM.—Upon a rehearing *En Banc,* a majority of the court adheres to the *En Banc* opinion heretofore filed herein.

