[No. 31517. Department Two. April 12, 1951.]

*In the Matter of the Estate of* GEORGE V. HERINGER, *Deceased.*

SEATTLE FIRST NATIONAL BANK, *as Executor, et al.,* *Appellants,* v. THE BANK OF CALIFORNIA, N. A., *as Guardian of the Estate of Myrtle Cass Heringer, Respondent.*[1]

[1]Reported in 230 P. (2d) 297.

*Herald A. O'Neill,* for appellants.

*Wright, Booth & Beresford,* for respondent.

HAMLEY, J.—The primary question presented on this appeal is whether, with respect to a person who died on August 15, 1946, Federal estate taxes, measured by the entire value of the community estate, should be chargeable as an expense of administration against the entire community estate, or only against the one-half interest of the decedent.

The decedent, George V. Heringer, and Myrtle Cass Heringer intermarried on December 27, 1927. On July 9, 1946, Heringer executed his will in which he recited, in effect, that his entire estate consisted of his separate property, there being no community property; that he devised and bequeathed to his wife twenty-five per cent of the in-

ventoried value of the estate, after deducting all liabilities, including taxes and expenses of administration, "but exclusive of Federal and State inheritance taxes"; that if she should contest the will or claim a greater percentage of the estate, then in such event the devise and bequest should lapse and be void "and I devise nothing to her;" and that his executor should pay out of the assets of the estate all costs and expenses, including all Federal and state inheritance taxes "payable with reference to any of the devises or bequests," and such taxes "shall not be deducted or charged against the devises and bequests herein made . . ."

Heringer died on August 15, 1946, leaving this will in effect and his wife surviving, the marital relationship having continued until the time of his death. The will was admitted to probate on August 16, 1946. On November 18, 1947, pursuant to proceedings instituted by the executor, an order was entered in the probate matter, adjudging all of the assets of the estate, except one minor parcel of real property, to be community property. The executor filed a Federal estate tax return on a total gross estate, community and separate, of $337,105.94, all but $277.95 of this representing community property.

The Federal estate tax was determined and paid by the executor in the amount of $37,744.80. It is provided in the decree of settlement and distribution, entered on April 28, 1950, that the total amount of such tax should be charged solely against decedent's separate estate and his one-half interest in the community estate. The executor objects to this provision, contending that, since the Federal estate tax was measured by the entire value of the community estate, the surviving widow's share of the community estate should bear half of this charge. The executor has accordingly appealed.

Respondent contends that this case is controlled by the decision rendered in *Wittwer v. Pemberton*, 188 Wash. 72, 61 P. (2d) 993. It was there held that, in computing state inheritance taxes, Federal estate taxes should be considered as a deduction only from the decedent's half interest in the

community estate. In reaching this conclusion, the court said:

"As the estate tax paid the Federal government is a tax upon an inheritance, in a community estate such as that in the case at bar the amount paid the Federal government should be deducted from the amount inherited, and not from the community estate as a whole. While under the law the entire community estate is brought into court to be administered upon, only half thereof is inherited, and that half may not go to the survivor of the community. The Federal tax, then, for the purpose of computing the tax due the state, is a proper deduction from that portion of the estate which passes by inheritance." (p. 76.)

It would, perhaps, have been more accurate to describe the Federal estate tax there referred to as a transfer tax instead of an inheritance tax. *Seattle-First Nat. Bank v. Macomber*, 32 Wn. (2d) 696, 203 P. (2d) 1078; *Riggs v. Del Drago*, 317 U. S. 95, 87 L. Ed. 106, 63 S. Ct. 109, 142 A. L. R. 1131. This would not, however, affect the principle announced in the *Wittwer* case. This is true, because, at the time that case was decided, the Federal estate tax was, in the case of community property, measured only by the decedent's half interest in such property. *Wardell v. Blum*, 276 Fed. 226, cert. den., 258 U. S. 617; 1 Principles of Community Property, de Funiak, p. 706, § 251.

The *Wittwer* case, however, was decided in 1936, and related to a decedent who died in 1931. Appellant points out that the Federal estate tax statute was amended in 1942 to include all community property (with certain exceptions not here material), and argues that the reasoning of *Wittwer v. Pemberton* is therefore no longer applicable.

The 1942 amendment (§ 402 of the Revenue Act of 1942, 56 Stat. 798, 942) became § 811(e)(2) of the Internal Revenue Code (26 U.S.C., § 811(e)(2)), and applied to the estates of decedents dying after October 21, 1942. It reads as follows:

"(2) Community Interests.—To the extent of the interest therein held as community property by the decedent and surviving spouse under the law of any State . . . of the United States, . . . except such part thereof as may

be shown to have been received as compensation for personal services actually rendered by the surviving spouse or derived originally from such compensation or from separate property of the surviving spouse. In no case shall such interest included in the gross estate of the decedent be less than the value of such part of the community property as was subject to the decedent's power of testamentary disposition."

In view of this change in the Federal estate tax, whereby it was extended (with certain exceptions) to include the entire community estate, we agree with appellant that *Wittwer v. Pemberton* is not controlling in favor of respondent's position. Indeed, the reasoning of that case, whereby the burden of the tax was allowed to fall on the property which was measured in determining the tax, would seem to favor appellant's position, inasmuch as the tax here in question is measured by the value of the entire community estate.

■ Considering the problem as an open question, we begin with the principle, recognized both before and after the 1942 amendment, that the Federal estate tax statute leaves it to the states to determine how the tax burden shall be distributed among those who share in the taxed estate. *Seattle-First Nat. Bank v. Macomber, supra*; *Riggs v. Del Drago, supra*; *Fernandez v. Wiener*, 326 U. S. 340, 90 L. Ed. 116, 66 S. Ct. 178.

■ The state courts have made this determination in many cases, and have arrived at the general rule that, in the absence of state statute or testamentary provision to the contrary, the ultimate burden of an estate tax falls on the residuary estate. *Seattle-First Nat. Bank v. Macomber, supra*; 28 Am. Jur. 136, Inheritance, Estate, and Gift Taxes, § 279; 115 A. L. R. 917, annotation; 142 A. L. R. 1135, 1137, annotation. Appellant contends that this rule is inapplicable in the case of community property. However, in view of our disposition of the case, it is unnecessary to decide this question, and we assume that the rule is applicable here.

Our state has no apportionment statute with regard to the Federal estate tax. *Seattle-First Nat. Bank v. Macomber, supra*. Appellant contends, however, that, assuming the

general rule to be applicable, the testator here has expressed an intention that the residuary estate shall not bear the burden of the portion of the estate tax attributable to the survivor's share of the community property.

The pertinent provisions of the will read as follows:

"FIFTH. I hereby devise and bequeath Twenty-five Per Cent (25%) of the inventoried value of my estate, after deduction from the inventoried value of any and all liabilities of my estate, including taxes and expenses of administration but exclusive of Federal and State inheritance taxes, to my wife, MYRTLE CASS HERINGER. If my said wife should contest this Will or claim a greater percentage of my estate than is hereby bequeathed to her on the basis that she is entitled thereto on the theory that same or a portion thereof is community property, or otherwise, then in such event this devise and bequest shall lapse and be void and I devise nothing to her . . . ."

"EIGHTH. I hereby authorize and direct my said Executor to pay out of the assets of my estate my just debts, last illness and funeral expenses and all costs and expenses incident to the probate of my estate, including fees of the Executor and its Attorney, all Federal and State inheritance taxes payable with reference to any of the devises or bequests herein made and such taxes so paid shall be from my estate and shall not be deducted or charged against the devises and bequests herein made and provided for hereunder."

It will be noted that the testator considered all of the property as his separate property, out of which he devised and bequeathed twenty-five per cent to his wife. Had she elected to take under the will, there is no doubt that she would take free and clear of Federal estate taxes. Paragraphs five and eight, quoted above, specifically so provide.

However, the wife did not elect to take under the will. She claimed half of the estate as her share of the community property. The court sustained her claim. The result is that she took nothing by devise or bequest. Paragraph eight directs the executor to pay, out of the assets of the estate, all Federal taxes "payable with reference to any of the devises or bequests herein made." This, by inference, directs the executor not to pay such taxes out of the assets

of the estate with reference to any property which does not pass by devise or bequest. In applying the general rule as to the ultimate burden of such taxes, we give regard to the directions of the testator contained in the will, whether expressly stated or inferentially declared. *Seattle-First Nat. Bank v. Macomber, supra.*

Moreover, it is to be observed that, in paragraph five of the will, it is provided that if the testator's wife attempts to claim a share of the estate as community property, the devise and bequest to her under the will lapses and "I devise nothing to her." Since the wife elected to claim her share of the community property, then, under the provision just referred to, the testator makes it clear that she is to receive no benefits by virtue of the will. It follows that the will should not be construed as giving her, in effect, a bequest equal to the amount of the Federal estate tax on the value of the community property which she has claimed.

We conclude that, under the general rule relative to the ultimate burden of Federal estate taxes, the tax attributable to the wife's portion of the property should not be paid by the residuary estate, since the testator indicated a contrary intention in his will.

Respondent suggests that it would be contrary to the public policy of this state to permit the burden of the Federal estate tax to fall upon the survivor's share of community property. In this connection respondent calls attention to the established law in this state that the wife has a present, existing, undivided one-half interest in and to the community property during the lifetime of her husband. The purport of respondent's argument seems to be that, since the surviving spouse takes her half interest in the community property as a matter of right, she should not be required to pay a succession tax which is based on the theory that there has been a transfer of decedent's property, even though such tax is measured by the gross community estate.

There might be some merit in this argument if the Federal estate tax applicable to the survivor's share of community

property, under the 1942 amendment, was in fact a transfer tax. Even then, however, although we can protest that there has been no "transfer" and that therefore no such tax should be imposed, the fact remains that it was imposed. It is difficult to see how the situation can be remedied by requiring the decedent's share of the community property to carry the burden, unless we want to say that it was his fault for dying.

The fact is, however, that with respect to the survivor's share of community property, the Federal estate tax is not a transfer tax. When the 1942 amendment was enacted, citizens of Louisiana and Texas, supported by the attorneys general of eight community property states, including our own, contested its constitutionality. See *Fernandez v. Wiener, supra; United States v. Rompel,* 326 U. S. 367. They argued that since there had been no transfer of community property to the surviving spouse, there could be no tax on the theory of a transfer. 1 Principles of Community Property, de Funiak, pp. 714 *et seq.,* § 255; Federal Estate Taxation and the Wiener Case, George Donworth, 19 Wash. L. Rev. 49; Federal Taxation of Community Property, Freeman and Mueller, 34 Cal. L. Rev. 398; Application of Federal Income, Estate and Gift Tax Laws to Community Property, Pedersen, 45 Mich. L. Rev. 409, 428.

The United States supreme court overcame this objection by holding that, as to the survivor's share of community property, the estate tax was not a tax upon transfers of property. *Fernandez v. Wiener, supra; United States v. Rompel, supra.* In the *Wiener* case the court said:

"It is true that the estate tax as originally devised and constitutionally supported was a tax upon transfers. *Knowlton v. Moore,* 178, U. S. 41; *Y. M. C. A. v. Davis,* 264 U. S. 47, 50. But the power of Congress to impose death taxes is not limited to the taxation of transfers at death. It extends to the creation, exercise, acquisition, or relinquishment of any power or legal privilege which is incident to the ownership of property, and when any of these is occasioned by death, it may as readily be the subject of the federal tax as the transfer of the property at death. See *Bromley v. McCaughn,* 280 U. S. 124, 135 *et seq.*" (p. 352.)

The court, in the *Wiener* case, went on to hold that in the case of an estate tax measured by a surviving wife's share of the community property, the tax was upon the release of that property from the husband's control and management, and the surviving wife's acquisition of "full and exclusive possession, control and enjoyment." Anticipating a similar constitutional question in the event of the wife's death, the court held the estate tax to be, in that case, based upon the liberation of the husband's share "from the restrictions which the existence of the community" had placed upon his control of it.

 Under this interpretation of the Federal estate tax, therefore, the basis of the tax is said to be the intangible benefits received by the survivor as a result of the dissolution of the community by death. This being the case, we see no objection, from a public policy standpoint, to permitting the survivor's share to bear the burden of that tax where the testator inferentially indicates such a desire.

This is not to say that, from the viewpoint of a community property state, we believe that the survivor receives such benefits as ought to be made subject to an estate tax. That is a legislative question. It may be noted that, in 1948, Congress repealed the 1942 amendment and restored community property to the estate tax status it had prior to the 1942 act. Revenue Act of 1948, § 351, 62 Stat. 110, 116; 4 Bancroft's Probate Practice (2d ed.) 343, § 1093; 1 Inheritance and Transfer Tax Service (Prentice-Hall), § 23,748.

We are of the opinion, for the foregoing reasons, that the trial court erred in holding that the Federal estate tax was subject to deduction solely and only from the one-half share of the decedent in the community estate and his separate estate.

Appellant's second assignment of error is stated in the alternative, and is rendered moot by our disposition of the first assignment.

The judgment is reversed and remanded with instructions to modify the decree of settlement and distribution to provide that one-half of the Federal estate tax measured by

the value of the entire community estate be deducted from the one-half interest of Myrtle Cass Heringer therein.

SCHWELLENBACH, C. J., ROBINSON, MALLERY, and GRADY, JJ., concur.

