91 So.2d 480

### STATE of Alabama

v.

### MERCHANTS NATIONAL BANK OF MOBILE, as Executor.

1 Div. 681.

Supreme Court of Alabama.

Dec. 21, 1956.

John Patterson, Atty. Gen., and Williard W. Livingston and H. Grady Tiller, Asst. Atty. Gen. for appellant.

Vickers, Riis & Murray, Mobile, for appellee.

SIMPSON, Justice.

This case concerns the validity of an estate tax assessment in the amount of $194.24, plus interest of $33.51, making a total assessment of $227.75. The Department of Revenue of Alabama made the assessment basing its computation on the estate tax levied by the Federal Government under the provisions of Alabama Code 1940, Title 51, § 432.

The taxpayer took an appeal from the tax assessment to the Circuit Court of Mobile County. The Circuit Court set the assessment aside on the theory that the corpus of two trusts was improperly included in the estate for estate tax purposes. The State then brought this appeal.

The question of whether the corpus of the two trusts should have been included in the estate for estate tax purposes is a close one. It may very well be that these two trusts should not have been included in the estate; but, due to the peculiar nature of our estate tax law, that question is not before us on this appeal. The proper place, as we see it, to adjudicate the correctness of the inclusion of the two trusts in the estate for estate tax purposes is in a Federal Court.

Our estate tax law adopts the valuation made by the Bureau of Internal Revenue for estate tax purposes and merely assesses an estate tax equal to the credit granted the taxpayer by the United States. For a thorough understanding of the problem we must look first to the Federal legislation and then to our statutes on estate taxes.

In 1926 the federal revenue law was amended to allow the various states an opportunity to claim an 80% share of the federal estate tax.—Revenue Act 1926, § 301(b), 44 Stat. 70. This amendment gave the taxpayer a credit of 80% of the basic tax if the taxpayer had paid such tax to a state. The current provision for this 80% credit by a taxpayer for taxes paid to a state now appears in 26 U.S.C.A. § 813(b).

A good discussion of the federal estate tax credit clause appears in 13 N.C. Law Review 271. The author of the treatise indicates that the states were quick to take advantage of the opportunity offered them;.

and, that most of the states have passed legislation aimed at the recovery of the credit allowed the taxpayer by the federal government. These state statutes, that have been passed upon, have been universally held to be constitutional. See Annotations: 63 A.L.R. 1096; 102 A.L.R. 500; 147 A.L.R. 467.

Alabama's Constitution was amended in 1931 to permit our legislature to pass legislation aimed at capturing for the state treasury the 80% credit allowed by the federal government.—Amendment XXIII, Alabama Constitution of 1901. Our legislature enacted a statute to implement this Constitutional provision.—See Gen. Acts of Alabama, Regular Session 1935, p. 434. This act is now Chapter 19 of our Code and is found in Alabama Code 1940, Title 51, §§ 432–449. Section 432 is:

"Amount of tax.—Subject to the exception hereinafter stated, there is hereby levied and imposed upon all net estates passing by will, devise, or under the intestate laws of the State of Alabama, or otherwise which are lawfully subject to the imposition of an estate tax by the State of Alabama, a tax equal to the full amount of state tax permissible when levied by and paid to the State of Alabama as a credit or deduction in computing any federal estate tax payable by such estate according to the act of congress in effect, on the date of the death of the decedent, taxing such estate, with respect to the items subject to taxation in Alabama. The tax hereby imposed shall not exceed in the aggregate amounts which may by any law of the United States be allowed to be credited against or deducted from such federal estate tax. The estate tax hereby levied shall be levied only so long as and during the time an inheritance or estate tax is enforced by the United States against Alabama inheritances or estates, and shall only be exercised or enforced to the extent of absorbing the amount of any deduction or credit which may be

permitted by the laws of the United States now existing or hereafter enacted to be claimed by reason thereof as deduction or credit against such similar tax of the United States applicable to Alabama inheritances or estates. *The rates of taxatian and the definition of 'net estate' and the methods of arriving thereat shall be as provided in such act of congress.*" (Emphasis supplied.)

Section 434 of Title 51, supra, requires the Alabama taxpayer to file a duplicate copy of his federal estate tax return with the Alabama Department of Revenue and concludes:

"* * * Provided that if after any duplicate returns, herein required, and the assessment of the state estate taxes, upon basis of return made, the federal authorities shall increase or decrease the amount of the federal estate tax, an amended return shall be filed with the department of revenue, showing all the changes made in the original return and the amount of increase or decrease in the federal estate tax, *and the department of revenue shall assess against said estate the additional amount found to be due hereunder. In the event of a decrease in the federal estate tax the state shall refund to said estate its proportion of said decrease.*" (Emphasis supplied.)

The last sentence of § 444 of Title 51, provides: "The department of revenue may adopt the valuation arrived at by the federal authorities, as the basis for the tax hereunder."

We conclude that the above Alabama statutes evince the clear purpose that the Alabama Department of Revenue can only assess an estate tax equal to the credit granted the taxpayer by the federal government; and, that the trial court was in error in holding otherwise on the premise that the federal authorities improperly included certain claimed erroneous items in the estate for estate tax purposes.

This conclusion is consonant with decisions in some other jurisdictions.

The Supreme Court of New Mexico in In re Gallagher's Will, 57 N.M. 112, 255 P.2d 317, 331, 37 A.L.R.2d 149, when construing a statute similar to our estate tax statute, said:

> "This statute was passed to enable the State of New Mexico to take advantage of the federal 80% credit provision. 26 U.S.C.A. § 813(b). The tax so imposed does not increase the amount of tax liability, but merely authorizes the state to share in the proceeds of the federal estate tax to the extent of the allowable credit—80% of the basic federal estate tax. Legislation looking to the same purpose has been adopted in most of the states, commonly called 'slack' or 'take-up' statutes."

The Supreme Court of Washington had before it on two occasions the same question that is before us on this appeal. That question is whether the state taxing authorities properly adopted the federal valuation for estate tax purposes under a statute similar to our estate tax statute. In both cases the Court held that the federal valuation was properly adopted by the state. Wittwer v. Pemberton, 188 Wash. 72, 61 P.2d 993, 65 P.2d 218; In re Ward's Estate, 183 Wash. 604, 49 P.2d 485, 102 A.L.R. 496.

The court in the Wittwer case, quoting from the In re Ward's Estate case, stated, 61 P.2d at page 994:

> " 'This, then, leaves for disposition the question raised in the appellant's first assignment of error, namely, whether the market value as fixed by the appraisement is absolute, or whether it is affected by, and, subject to, an increase in valuation made under the federal estate law, and, consented to by the executrix. * * *
>
> " 'The state has the right to avail itself of the increased valuation fixed

under the federal estate statute if such valuation is "accepted by the estate either by agreement or through final determination in the federal court." This right relates to all pending estates as prescribed by section 124 of the 1935 act.'

> "We conclude that the supervisor correctly adopted the valuation of the estate fixed by the Internal Revenue Department, as the basis for determining the amount of inheritance taxes due the state of Washington."

On the basis of these considerations we conclude the holding below was laid in error.

Reversed and remanded.

LIVINGSTON, C. J., and GOODWYN and SPANN, JJ., concur.