## 18996

TIDEWATER SUPPLY COMPANY, Inc., Respondent, v. INDUSTRIAL ELECTRIC COMPANY, and Eskridge & Long Construction Company of whom Eskridge & Long Construction Company is, Appellant.

(171 S. E. (2d) 607)

*Messrs. McKay, McKay, Black, Sherrill, Walker & Wilkins,* of Columbia, *for Appellant,*

484

*Messrs. Clarkson & McCants,* of Columbia, *for Respondent,*

*Messrs. McKay, McKay, Black, Sherrill, Walker & Wilkins,* of Columbia, *for Appellant,*

Dec. 18, 1969.

Moss, Chief Justice:

It appears from the record that Eskridge & Long Construction Company, the appellant herein, had a contract to do certain construction work at Oxford, North Carolina. It further appears that Industrial Electric Company was a sub-contractor of the appellant to do a portion of the construction work.

Tidewater Supply Company, Inc., the respondent herein, brought this action alleging that it sold and delivered to Industrial Electric Company, at its special instance and request, goods, wares and merchandise of the value of $680-.38, and such goods, wares and merchandise "were used by Industrial Electric Company in the performance of its work as sub-contractor of" the appellant. It was further alleged that the said goods, wares and merchandise were incorporated into and became a part of the construction work and that the appellant had received the benefit thereof.

The respondent brought this action to recover from the appellant and Industrial Electric Company the contract price of the goods sold on open account by it to Industrial Electric Company. The appellant demurred to the com-

plaint on the ground that it stated no cause of action against it since it alleges no contractual relationship with the respondent. The demurrer was heard and overruled by The Honorable Legare Bates, Judge of the Richland County Court. This appeal followed.

It is elementary that in passing upon a demurrer the court is limited to a consideration of the pleadings under attack, all the factual allegations whereof that are properly pleaded, are, for the purpose of such consideration, deemed admitted. *Gunn v. Rollings,* 250 S. C. 302, 157 S. E. (2d) 590. The question for determination here is whether the demurrer should have been sustained because of the failure of the respondent to allege a contractual relationship with the appellant.

An action for damages for breach of a contract is predicated on the existence of the contract. It necessarily follows that the complaint must contain allegations of a contract and a breach thereof before any damages are recoverable. *Wharton v. Tolbert,* 84 S. C. 197, 65 S. E. 1056, and *Peeples v. Orkin Exterminating Co.,* 244 S. C. 173, 135 S. E. (2d) 845.

The complaint in this action does not show any contractual relation, either expressed or implied, between the respondent and the appellant as a basis for its claim. There is no allegation in the complaint that the respondent sold the goods, wares and merchandise at the special instance and request of the appellant. On the contrary, it is alleged that such was sold at the instance and request of the sub-contractor, Industrial Electric Company.

In *Smith v. Hurley-Mason Company,* 67 Wash. 683, 122 P. 361, it was held that where a sub-contractor purchased lumber which was delivered to him, the use of a portion of it by the contractor created no implied contract on his part to pay the one who furnished it.

It is our conclusion that the complaint does not allege any contractual relationship between the respondent and the

appellant. The demurrer of the appellant should have been sustained and the failure to do so was error.

The judgment of the lower court is reversed and the case remanded thereto so that an order sustaining the demurer of the appellant may be issued.

Reversed and remanded.

LEWIS, BUSSEY, BRAILSFORD and LITTLEJOHN, JJ., concur.