316 So.2d 342

**Edmond D. HENLEY et al.**

v.

**Charles A. BOSWELL, Commissioner of Revenue, State of Alabama, and the Alabama State Department of Revenue.**

**Civ. 517.**

Court of Civil Appeals of Alabama.

April 30, 1975.

John B. Gamble, Jr., Birmingham, for appellants.

William J. Baxley, Atty. Gen., Willard W. Livingston, Counsel, Dept. of Revenue, and Asst. Atty. Gen., Ron Bowden, Asst. Counsel, Dept. of Revenue, and Asst. Atty. Gen., for appellee.

HOLMES, Judge.

Appellant-taxpayers appeal the granting of a summary judgment in favor of the appellee-department of revenue, on the petition for writ of mandamus to compel the department of revenue to certify a refund claimed due by appellant.

Appellant-taxpayers are the co-executors of the estate of E. D. Henley, deceased. Appellants owed certain federal estate taxes on the estate and elected to pay these federal taxes to the federal government over a ten year period.

By virtue of Tit. 51, § 432, Code of Ala. 1940, they also owed to the state a tax on the estate, which amount "[is] a tax equal to the full amount of state tax permissible when levied by and paid to the state of Alabama as a credit or deduction in computing any federal estate tax payable by such estate according to the act of congress in effect, on the date of the death of the decedent, taxing such estate, with respect to the items subject to taxation in Alabama. The tax hereby imposed shall not exceed in the aggregate amounts which may by any law of the United States be allowed to be credited against or deducted from such federal estate tax."

Appellant paid to the state the amount deemed due on September 9, 1961. An additional payment was made to the state on January 18, 1963, as a result of additional payment of federal estate taxes. We particularly note here that Tit. 51, § 435, Code of Ala. 1940, mandates that the state taxes due are payable fifteen months after decedent's death.

On October 4, 1972, appellant filed suit against the United States for a refund of a portion of the estate taxes paid to the federal government. This suit resulted in a

settlement in which appellant received a refund of a portion of the federal estate taxes paid. By virtue of the refund there resulted a reduction due the state in the amount of $2,398.98.

Appellant, in compliance with Tit. 51, § 436, Code of Ala. 1940, filed an amended estate tax return and requested that the Alabama Department of Revenue certify this amount in order that appellant could receive a refund in this amount.

Appellee would not so certify and appellant filed a petition for writ of mandamus with the Circuit Court of Montgomery County to compel the appellee to certify the amount due.

On the day the cause was heard the state filed a motion for summary judgment. This motion was based on the facts stated in an attached affidavit of James M. Bradshaw, Chief, Income Tax Division, State Department of Revenue.

The affidavit contained the following two statements:

"1. · The Alabama estate taxes in the amounts as stated in paragraph 1 of the Petition for Mandamus filed in Civil Action No. 39986–L in the Circuit Court of Montgomery County, Alabama were paid to the State Department of Revenue on the dates as stated in said paragraph 1.

"2. No petition for refund of estate tax has been filed with the State Department of Revenue by the executors of the estate of E. D. Henley, deceased, as required by the provisions of Title 51, Section 449, Code of Alabama 1940, Recompiled 1958."

No objection was made by appellants to the filing of this motion.

The circuit judge granted appellee's motion for summary judgment, finding simply that "there is no genuine issue as to any material fact in this cause."

Appellant then perfected appeal to this court assigning as error the granting of the summary judgment.

The first issue to be disposed of is appellants' contention that the summary judgment was improperly granted for failure of the state to comply with Rule 56(c) of the Alabama Rules of Civil Procedure. In its pertinent part that rule reads as follows:

"The motion shall be served at least 10 days before the time fixed for the hearing."

■ It is obvious, as already noted in the facts, that the state did not comply with this, inasmuch as they did not file the motion until the day of the hearing. As also pointed out in the facts, however, appellants failed to object to the introduction of this motion. As pointed out by able counsel for appellee, there is authority for finding this defect (failure to serve the motions ten days before the date of the hearing) waived because of a failure to object. See *Feng Yeat Chow v. Shaughnessy,* D.C.N.Y., 151 F.Supp. 23.

■ It is also a well-established principle in Alabama that matters not objected to in trial below cannot be raised for the first time on appeal. *Callahan v. Weiland,* 291 Ala. 183, 279 So.2d 451.

In light of these principles, we decline to reverse the order on this contention by appellant.

However, we are of the opinion that the statute relied on by appellee and the circuit court, to wit, Tit. 51, § 449, Code of Ala. 1940, is not applicable to the facts of this case and the order granting the summary judgment must, accordingly, be reversed.

Section 449, relied upon by the state, reads as follows:

"Refunds.—In case any taxpayer has through mistake or error paid an estate or inheritance tax which is not legally

due or has paid an amount in excess of which he was in fact due, such taxpayer may make an application for said refund within the time and manner as provided for refunds of income tax so paid, and shall be entitled to the same rights and remedies. Such refund shall be made in the same manner as refunds are made in income tax cases."

Section 410 establishes a procedure for obtaining refunds and also states that "applications for refund shall be made within three years from date of payment." The state contends the time has run, inasmuch as the last payment was in 1963.

The code section relied upon by appellant, § 436, reads as follows:

"Amended return showing change in federal tax.—In the event that the federal authorities shall, after the filing of the return with the department of revenue, increase or decrease the amount of the federal estate taxes as a result of appeal or otherwise, an amended return shall be filed with the department of revenue showing all the changes made in the original return and the amount of final increase or decrease in the federal estate tax. If the amended return shall show an increase in the amount of the federal estate tax, the department of revenue shall assess against and there shall be payable in respect to said estate any deficiency in the tax theretofore paid or assessed. If the amended return shall show a decrease in the federal estate taxes, the department of revenue, on receipt of appropriate certificate of refund, abatement or recovery, shall forthwith certify the amount of such refund found to be due to such estate to the comptroller, who, upon receipt of such certificate of refund due, shall issue his warrant for the amount shown in said certificate, payable to the person legally authorized to receipt for such refund, such payment to be made from the general state funds."

We are of the opinion that § 436 and § 449 provide for alternative remedies and that inasmuch as appellant was proceeding under § 436, that § 449 has no applicability to this case.

We additionally note, as set out in § 432 of Tit. 51 of the code, the amount of tax due the state is held to be:

"Amount of tax.—Subject to the exception hereinafter stated, there is hereby levied and imposed upon all net estates passing by will, devise, or under the intestate laws of the state of Alabama, or otherwise, which are lawfully subject to the imposition of an estate tax by the state of Alabama, *a tax equal to* the full amount of state tax permissible when levied by and paid to the state of Alabama as a credit or deduction in computing any federal estate tax payable by such estate according to the act of congress in effect, on the date of the death of the decedent, taxing such estate, with respect to the items subject to taxation in Alabama. The tax hereby imposed shall not exceed in the aggregate amounts which may by any law of the United States be allowed to be credited against or deducted from such federal estate tax. . . ." [Emphasis ours]

The case law in Alabama also holds that the Alabama Department of Revenue can only assess an estate tax equal to the credit granted the taxpayer by the federal government. *State v. Merchant's National Bank of Mobile,* 265 Ala. 375, 91 So.2d 480.

To hold for the state and find the facts of the case to be controlled by § 449, with its three-year statute of limitations, would, in this instance, result in appellant paying more tax to the state than the credit allowed by the federal government. Despite the three-year limitation in § 449 (by virtue of § 410) and even though the final state payment was made in 1963, we find § 449 inapplicable to these facts where the

final federal claim, upon which the state tax due is based, was not resolved until after October of 1972.

The order of the distinguished trial judge granting the summary judgment is due to be and is, therefore and accordingly, reversed and remanded.

Reversed and remanded.

WRIGHT, P. J., and BRADLEY, J., concur.