This was an action to determine the validity of a municipal building permit which authorized the construction of an apartment complex on one lot and the construction of a parking lot on an adjacent lot, on which there existed a restrictive covenant.
The defendant property owner and the City of Birmingham each filed an answer in which each claimed, res judicata, collateral estoppel and laches.
The trial court, after hearing arguments, entered summary judgment in favor of the property owner and the City. He decreed:
"DECREE OF DISMISSAL
 "This cause was duly set on this date upon separate motions to dismiss and motions for summary judgment as filed by the separate Respondents, separately and *Page 1044 
severally. In its consideration of the separate motions the Court has considered the case of Allen v. Axford, 285 Ala. 251; 231 So.2d 122, cause numbered CV 77 500-924 WCB in this Court, the general laws and statutes and equitable principles set forth in the case law relative to the situations set forth in the pleadings, the actions and ordinances of the City of Birmingham relative to the questions posed by the pleadings, the statements and arguments of counsel and all the pleadings in this instant cause. From these considerations, the Court is clear in the finding that these separate motions are well taken and are due to be granted."
The original plaintiff raises two points here:
 (1) It was not given 10 days notice of the defendants' motion for summary judgment, and
 (2) The defendants failed to meet their burden of showing that there was no genuine issue of a material fact.
We affirm.
 I
Even though Rule 56 (c) states that the motion shall be served at least ten days before the time fixed for the hearing[Billingsley v. Gordon, Ala., 340 So.2d 743 (1976)] an objection for failure to comply with this provision cannot be raised for the first time on appeal. Henley v. Boswell,55 Ala. App. 414, 316 So.2d 342 (1975).
 II
We find no prejudicial error in the granting of summary judgment in this case. As is apparent from the decree of the trial court, this is the third time Lot 1, Block 1 of Chestnut Hills subdivision has been involved in litigation. Case # CV 77 500-924 WCB, referred to in the decree, was considered by the trial judge on the motion for summary judgment, apparently without objection from the plaintiff. In fact, the movants for summary judgment contended that all issues presented by this lawsuit were, or could have been, litigated in Case # CV 77 500-924 WCB. An attempted appeal from the adverse judgment in that case was dismissed by this Court because it was not timely filed. In any event, matters were considered on the motions for summary judgment which are not included in the record on this appeal, even though the arguments made by counsel at the hearing on the motions were transcribed and are a part of the record. During those arguments, both the movants and the opponents made reference to the prior case and the issues involved in that case.
It is axiomatic that the burden is on the party alleging error to show it affirmatively by the record. 2A Ala.Dig., Appeal and Error, No. 901. We do not have before us in thisrecord much of the evidence obviously considered by the trial court in determining that the issues in this suit had been litigated or could have been litigated.
The judgment of the trial court dismissing this cause is due to be affirmed.
AFFIRMED.
TORBERT, C.J., and JONES, SHORES and BEATTY, JJ., concur.