[No. 1324.   Decided June 27, 1894.]

PHOEBE L. BLACKWELL *et al.*, *Respondents*, v. ANNIE M. McLEAN *et al.*, *Appellants*.

APPEAL — RECORD — PARTITION — SET-OFF — DECREE.

Where the evidence is not contained in the record on appeal, the appellate court will not consider general exceptions to the findings of fact and the decree.

In an action for partition of lands, defendants may set off moneys paid out at request of plaintiffs in defending the title to the lands.

The defendant in partition proceedings is entitled to set off the value of necessary improvements made by him upon the land, provided the claim for improvements is confined to their value as part of the land, without regard to their cost.

A decree in partition proceedings is not erroneous because it designates the person appointed to take charge of the lands and sell same as a "trustee" instead of "referee," as required by Code Proc., § 584.

Under § 603, Code Proc., providing that lands incapable of partition shall be sold at public auction to the highest bidder, in the manner required for the sale of real estate on execution, a decree authorizing such sale to be made at public or private sale is irregular.

*Appeal from Superior Court, Lewis County.*

*Edward F. Hunter*, for appellants.

*M. Yoder*, for respondents.

The opinion of the court was delivered by .

ANDERS, J.—The plaintiffs and the defendant Annie M. McLean are the children and heirs at law of one James L. Holbrook, deceased, and as such are the owners of certain real estate situated in Lewis county, in this state. Three of the plaintiffs are minors, and are represented by their guardian. The defendant, D. A. McLean, is the husband of Annie.

This action was instituted for partition of certain real estate described in the complaint, and for an accounting for rents, issues and profits, and for damages for waste alleged to have been committed by defendants. The defendants, in their answer, by way of counter-claim, alleged that during the three years they were in possession of the premises in controversy they paid out and expended in repairing buildings, and constructing and repairing fences on said lands, the sum of six hundred dollars, all of which was proper and necessary for the preservation and security of the buildings and fences thereon. And they further allege that they, at the instance and request of plaintiffs, paid

out in cash in defending the title to said lands in two designated actions the sum of four hundred and seventy-five dollars, no part of which had been repaid, and prayed judgment for the amount which might be found due them. The plaintiffs replied to the affirmative matter set up in the answer, and upon the issues formed the case was tried by the court.

No statement of facts appears in the record, and we have nothing before us but the pleadings and findings of the court and the decree, and we are, therefore, unable to determine any of the questions of fact which were passed upon by the trial court. The defendants excepted generally to the findings of fact and the decree, but such exception can be of no avail here. The court found, among other things, as a conclusion of law, "that the matter pleaded as a set-off by the defendants is not proper matter of set-off in this action, and is disallowed by the court," which finding was duly excepted to, and is here alleged as error.

In our judgment this ruling was wrong. If, as stated in the answer, the defendants at the request of plaintiffs paid out money in defending the title to the premises in controversy, it would seem but just that plaintiffs should be required to repay their proper proportion thereof. And if necessary improvements were made upon the land by the defendants, such improvements may equitably be considered in connection with the claim for use and occupation — the one offsetting the other. See *Carver v. Coffman*, 109 Ind. 547 (10 N. E. 567), and *Cooter v. Dearborn*, 115 Ill. 509 (4 N. E. 388), in which cases these questions are fully discussed. When permitted in cases of partition, the claim for improvements is confined to their value as part of the land, without regard to their cost or the amount expended therefor, and if the value of the land is not enhanced thereby nothing will be allowed on account thereof. *Cooter v. Dearborn, supra.*

The trial court found that the lands in question could not be partitioned without great prejudice to the parties to the action, and therefore adjudged that they be sold, and the proceeds distributed to the parties in proportion to their respective interests, and for that purpose appointed one Newland, as "trustee" for all the parties, to take charge, care and custody of said lands and the rents, issues and profits thereof, and to make sale thereof at public or private sale, etc. The statute (Code Proc., §584) provides that the court may in cases like this appoint one or more referees to sell the land, but we apprehend that the fact that the referee in this instance was designated as "trustee" constitutes no valid objection to the decree. The decree, however, is irregular in this, that it authorizes the sale at public or *private* sale, whereas the statute provides that such sales shall be made by public auction, to the highest bidder, in the manner required for the sale of real estate on execution. Code Proc., §603.

For the reasons above indicated the judgment is reversed, and the cause remanded for further proceedings in accordance with this opinion.

SCOTT, STILES and HOYT, JJ., concur.

DUNBAR, C. J., dissents.