[No. 17312.    Department One.    January 7, 1924.]

M. D. SMITH, *Respondent,* v. MRS. WM. SAUL, *as Executrix etc., Appellant.*[1]

EXECUTORS AND ADMINISTRATORS (70)—HUSBAND AND WIFE (28)—CLAIMS—FUNERAL EXPENSES—RIGHT OF HUSBAND TO REIMBURSEMENT. The wife's estate is primarily liable for funeral expenses and the husband is entitled to reimbursement of separate funds advanced therefor.

HUSBAND AND WIFE (5-1)—CONVEYANCES AND CONTRACTS BETWEEN—BURDEN OF PROOF. The husband fails to sustain the burden of proof, placed upon him by Rem. Comp. Stat., § 5828, to establish the good faith of a transaction whereby he claimed title to a note held by the wife, where his claim rested upon his evidence that it had been assigned to him, after admitting that he had put nothing of value into it.

TENANCY IN COMMON (8)—MUTUAL RIGHTS—IMPROVEMENTS—PERSONAL SERVICES BY COTENANT. The husband, as tenant in common, cannot recover compensation for personal labor in irrigating, cultivating, preserving and caring for an orchard upon land owned in common with his wife upon the ground that they were in the nature of permanent improvements, and in the absence of any agreement therefor.

EXECUTORS AND ADMINISTRATORS (154)—ACTIONS—ESTABLISHMENT OF CLAIM—JUDGMENT—FORM. Where, upon the hearing of a claim against an estate, the court was asked to partition real property, the judgment should only establish the amount as an allowed claim against the estate, as provided by Rem. Comp. Stat., § 1488.

Appeal from a judgment of the superior court for Okanogan county, Neal, J., entered September 29, 1921,

[1]Reported in 221 Pac. 977.

in favor of the plaintiff, in an action to enforce claims against the estate of a decedent, tried to the court. Modified.

*P. D. Smith,* for appellant.

*W. C. Gresham,* for respondent.

TOLMAN, J.—Respondent, by the judgment below, was allowed to recover for funeral expenses paid by him for the burial of his deceased wife; also to recover for personal services and labor upon a tract of orchard land owned and held by himself and his wife as tenants in common, and these amounts were decreed to be a lien upon that part of the land which, by the same decree, was partitioned and set over to the estate of the deceased wife. The defendant, as executrix of the last will and the estate of the deceased wife, has appealed from that judgment, and assigns as error only the three features contained therein which we have just mentioned.

In *Smith v. Eichner,* 124 Wash. 575, 215 Pac. 27, we expressly held that the estate of the deceased wife was primarily liable for funeral expenses, and that the husband, who had advanced money from his separate funds in payment thereof, could recover. The same rule must be applied here if the same facts exist; but it is here contended that the husband in fact paid the funeral expenses from funds belonging to the separate estate of the wife which happened to be in his hands. The evidence in this case indicates much ill-feeling and many personal differences between the parties hereto, and is directed largely to matters not affecting the issues brought here. The testimony as to whence came the money to pay the funeral expenses is very meager, but on cross-examination respondent admitted that "perhaps" he got the money thus used from the col-

lection of a promissory note held and owned by his wife before her marriage to him, which she had been unable to collect by persuasion, and had thereafter assigned to him. He at first admitted that he had put no money or anything of value into the note, but later said he had an interest in it to the extent of something less than half its face value. On objection, he was not permitted to detail the transaction, if any, between himself and his deceased wife regarding the matter, and seems finally to have rested his title to the note and its proceeds upon his testimony that it had been assigned to him. Our statute, Rem. Comp. Stat., § 5828, reads:

"In every case where any question arises as to the good faith of any transaction between husband and wife whether a transaction between them directly or by intervention of a third person or persons, the burden of proof shall be upon the party asserting the good faith."

Respondent's title to the note and its proceeds was here questioned, the burden was on him to establish his right thereto, and in the light of this testimony, and the statute, we are unable to hold that he did so, or that the funeral expenses were paid from his separate funds, and, as we view it, this item should have been disallowed.

As to the second item, being a claim for personal labor, it is admitted that this labor was performed after the death of the wife without any special agreement therefor, in irrigating, cultivating, thinning the fruit, spraying, preserving and caring for the orchard upon the land owned in common, and it is contended that these things are in the nature of permanent improvements which, even in the absence of an agreement, equity will permit one cotenant to charge against the other. But if there be such a rule in equity, we are

satisfied these were not permanent improvements and that the facts will not justify invoking it here. Rather the facts shown and admitted bring the case within the general rule, which is well stated as follows:

"Compensation for his services in managing or taking care of the property is never awarded to a cotenant, except as a result of a direct agreement to that effect, or unless from all the circumstances of the case the court is satisfied of the existence of a mutual understanding between the parties that the services rendered by one should be paid for by the others. In the respect that ordinarily a tenant in common is not entitled to compensation from his cotenants, the law of cotenancy is like that of partnership. An exception to this rule exists where one cotenant performs services which neither the law nor his partnership obligation nor the relation of cotenancy imposes upon him. But renting the property, looking after the repairs, collecting the rents, and other like duties do not fall within the scope of the exception and are not to be compensated for except as the result of an express or clearly implied agreement to that effect between the parties." 7 R. C. L. 826, § 21, and cases there cited.

Upon the third and last point little need be said. This action was a suit at law to recover money demands upon claims which had been presented to, and rejected by, the executrix. By consent of both parties, without any pleadings or issues in that respect, the court was asked to partition the real property, which was done. We find nothing in the record which makes inapplicable § 1488 of Rem. Comp. Stat. [P. C. § 9839], directing that judgments in such cases shall only establish the amount as allowed claims against the estate. It is, however, but fair to the trial court to say that in this respect he was probably misled by a colloquy between counsel on this subject, which, however, did not, as it now appears in the record, amount to a stipulation.

The trial court will modify its judgment in accordance with these views. Appellant will recover her costs in this court.

MAIN, C. J., HOLCOMB, PARKER, and MACKINTOSH, JJ., concur.