[No. 35823. Department One. May 10, 1962.]

W. J. GANNON, *Respondent*, v. ROBERT PARIS ROBINSON et al., *Appellants*.*

*Caley & Armstrong*, for appellants.

*Whitmore, Vinton, Powers & Manion* and *William J. Powers*, for respondent.

*Reported in 371 P. (2d). 274.

FOSTER, J.—The question here for decision is: Can a husband without the consent of his wife revive a community obligation which has been discharged in bankruptcy?

Shortly after appellants Robert P. Robinson and his wife, Anita G. Robinson, were adjudicated bankrupts, without the knowledge or consent of his wife, appellant husband executed attempted revivals of community debts. Several errors are assigned but the issue is whether such instruments bound the marital community.

■ The husband is the manager of the community personal property (RCW 26.16.030), and is presumed to act for the community's benefit.[1] This, however, is a rebuttable presumption.[2]

Respondent contends that *Catlin v. Mills*, 140 Wash. 1, 247 Pac. 1013, 47 A. L. R. 545, controls. Mills, the husband, revived a note evidencing a community obligation. Action on the note was barred by the statute of limitations. Because the husband and wife were both deceased at the time of trial, there was no evidence on that point so the court presumed that the husband had acted as agent of the community and for its benefit.

■ Here, however, it is clear from the proofs that the attempted revival was not for the benefit of the community. The presumption is overcome. We leave open the question as to the liability of the community if the husband, in order to establish a necessary credit standing or to otherwise benefit the community, revives a discharged community obligation.

■ The court found that $2,113 was incurred after the adjudication of bankruptcy and was not discharged thereby. No error is assigned to this finding, and, consequently, it

---

[1]*Whitehead v. Satran*, 37 Wn. (2d) 724, 225 P. (2d) 888; *Fies v. Storey*, 37 Wn. (2d) 105, 221 P. (2d) 1031; *Fisher v. Hagstrom*, 35 Wn. (2d) 632, 214 P. (2d) 654.

[2]*Hamlin v. Merlino*, 44 Wn. (2d) 851, 272 P. (2d) 125; *Aetna Life Ins. Co. v. Brock*, 41 Wn. (2d) 369, 249 P. (2d) 383; *In re Towey's Estate*, 22 Wn. (2d) 212, 155 P. (2d) 273; *Jones v. Davis*, 15 Wn. (2d) 567, 131 P. (2d) 433; *Occidental Life Ins. Co. v. Powers*, 192 Wash. 475, 74 P. (2d) 27, 114 A. L. R. 531.

is accepted as a verity, and this portion of the judgment is, therefore, affirmed.

Error is assigned upon the judgment for $2,113, because the promise to pay $2,000 of that sum was contingent upon an assignment of anticipated profits from another source which never materialized. The record does not support this position.

The final assignment of error is the allowance of ten per cent interest on the $2,113. The argument is that the $2,113 is a revival of an open account, and, therefore, respondent is entitled to only the statutory rate of interest. This is not a revival but merely a written promise to pay a debt, and any rate of interest not forbidden by law may be agreed upon.

The judgment is reversed, and the cause remanded for further proceedings consistent with this opinion.

FINLEY, C. J., DONWORTH, WEAVER, and ROSELLINI, JJ., concur.