[No. 36580. Department Two. December 26, 1963.]

PENNIE SHULL, *Respondent,* v. MORRIS FRASER SHEPHERD *et al., Appellants.**

*Geo. H. Crandell,* for appellants.

*Riach & Gese,* for respondent.

HAMILTON, J.—This appeal concerns the respective interests of plaintiff (respondent) and defendants (appellants) in real property acquired while plaintiff and defendant-husband were living in a meretricious relationship, and holding themselves out as husband and wife.

In July, 1949, plaintiff and defendant-husband purchased the real property in issue. Title was taken in their names as husband and wife. The purchase price of the property was $9,500. A down payment of $1,500 was made from separate funds belonging to plaintiff. The balance of $8,000 was secured by a note and mortgage, signed by both parties, payable in equal monthly installments, including interest, taxes, and insurance.

*Reported in 387 P. (2d) 767.

The plaintiff and defendant-husband lived together on the property until August, 1953, when they separated. Both were employed. Both subsequently married other persons. During the period of their joint occupancy, a total of $864 was paid on the principal of the note and mortgage. Defendant-husband admits some of the payments were made by plaintiff from her separate funds. Following their separation, defendant-husband offered plaintiff $800 for her interest in the property, which she rejected. Thereafter, defendant-husband remained on the property and maintained the mortgage payments, paying a total of $2,412.12 in principal. At the time of trial, there remained a balance due on the note and mortgage of $4,723.88.

Plaintiff commenced this action on March 31, 1961, asserting her interest in the property and alleging a deprivation of her right to possession. Defendants answered, admitting deprivation of plaintiff's right to possession, claiming title by adverse possession under RCW 7.28.070,[1] and alleging plaintiff's action to be otherwise barred by laches and the statute of limitations.

From the evidence presented, the trial court, in essence, found (a) plaintiff and defendant-husband were cotenants, her proportionate share in the total ownership of the property being 45.2 per cent and his 54.8 per cent; (b) defendant-husband had not acquired plaintiff's interest by adverse possession; (c) plaintiff's action was not barred by laches or any statute of limitations; (d) both parties were obligated to pay one half of the remaining mortgage balance,

[1]"Every person in actual, open and notorious possession of lands or tenements under claim and color of title, made in good faith, and who shall for seven successive years continue in possession, and shall also during said time pay all taxes legally assessed on such lands or tenements, shall be held and adjudged to be the legal owner of said lands or tenements, to the extent and according to the purport of his or her paper title. All persons holding under such possession, by purchase, devise or descent, before said seven years shall have expired, and who shall continue such possession and continue to pay the taxes as aforesaid, so as to complete the possession and payment of taxes for the term aforesaid, shall be entitled to the benefit of this section."

interest, and taxes; and (e) both parties were entitled to equal rights of possession.

On appeal, defendants make 12 assignments of error, which, by the nature thereof and defendants' argument, can be reduced to three major contentions: (1) The trial court erred in holding defendants had not acquired title to the premises by adverse possession; (2) the trial court erred in its proportionate division of the parties' interests; and (3) the trial court erred in deferring partition of the property to a future action.

We find no merit in defendants' first contention. Based upon the evidence presented, the trial court entered the following pertinent and decisive finding of fact:

"That if defendant had acquired some color of title relating to plaintiff's interest in this real estate, there was nothing done by defendant at the time of his separation from the plaintiff or at any time since that would be any indication that defendant was denying plaintiff's interest in the premises completely or that defendant was holding adversely to plaintiff's interest; the court finding that there was no ouster of plaintiff by defendant." Finding of fact No. 14.

■ Ouster is essential to a cotenant's claim of adverse possession. *Church v. State,* 65 Wash. 50, 117 Pac. 711; *McKnight v. Basilides,* 19 Wn. (2d) 391, 143 P. (2d) 307; *Fritch v. Fritch,* 53 Wn. (2d) 496, 335 P. (2d) 43. Likewise, ouster is essential to the assertion of an applicable statute of limitations. *McKnight v. Basilides, supra.*

■ Defendants rely upon defendant-husband's $800 purchase offer following the August, 1953, separation, continuing possession, and the maintenance of the mortgage payments as constituting the necessary ouster.

In *Church v. State, supra,* we said (p. 55):

". . . In the absence of additional facts or circumstances sufficient to show an ouster, exclusive possession by one tenant is not adverse as against his cotenant, but is ordinarily the possession of both. Mere possession by one cotenant alone will not ripen into title by adverse possession, even though it be continued without interruption for the period of the statute of limitations. There must be

an ouster followed by adverse possession for the statutory period to determine the estate of the tenant not in possession. . . .

"To show an ouster of one tenant in common by his cotenant requires stronger and more convincing evidence than is necessary to sustain an ordinary claim of adverse possession. . . ."

And, in *Fritch v. Fritch, supra,* and *McKnight v. Basilides, supra,* we approved the following definitive statement from 1 Am. Jur., Adverse Possession § 54, p. 824:

" 'Generally, a cotenant's sole possession of the land becomes adverse to his fellow tenants by his repudiation or disavowal of the relation of cotenancy between them, and any act or conduct signifying his intention to hold, occupy, and enjoy the premises exclusively, and of which the tenant out of possession has knowledge, or of which he has sufficient information to put him upon inquiry, amounts to an ouster of such tenant. . . . A writing is unnecessary, but the claimant must show a definite and continuous assertion of an adverse right by overt acts of unequivocal character clearly indicating an assertion of ownership of the premises to the exclusion of the right of the other cotenants.' . . . " *Fritch v. Fritch, supra* (p. 503).

The trial court weighed and evaluated the evidence presented in the light of the foregoing rules. In entering the above recited finding of fact, the trial court rejected defendants' contention that defendant-husband's purchase offer and subsequent mortgage payments constituted such overt and unequivocal acts as to be clearly indicative of a repudiation or disavowal of plaintiff's interest. Instead, the trial court found, under all of the circumstances presented, the purchase offer constituted a recognition of plaintiff's interest, and the mortgage payments a preservative measure. Our review of the record satisfies us the trial court was warranted in so finding.

■ By their second contention, defendants assert the trial court erred in determining and computing the parties' proportionate ownership in the cotenancy. The core of defendants' challenge, in this respect, is the trial court's finding:

"That there is no proof before the court as to the exact amount paid in by each plaintiff and defendant husband during the time that they jointly occupied the property; it appearing from the testimony that each plaintiff and defendant had made some payments; that in the absence of evidence as to the actual number of payments made by each during this 4-year period up to August [July, 1949, to August, 1953], the court finds that each of the parties made an equal contribution to the retirement of the unpaid principal balance, and each party should be credited with $432.00 toward the reduction of the principal." Finding of fact No. 5.

The plaintiff testified she paid from her separate funds at least two monthly installments. Defendant-husband admitted plaintiff paid some of the installments. The number of installments paid by plaintiff was thus uncertain. The rule applied by the trial court is stated in *West v. Knowles,* 50 Wn. (2d) 311, 313, 311 P. (2d) 689, as follows:

". . . Property acquired with contributions from both parties is held as tenants in common, and courts will presume they intended to share the property, in proportion to the amount contributed, where it can be traced, otherwise they share it equally. *Iredell v. Iredell, supra* [49 Wn. (2d) 627, 305 P. (2d) 805]."

The trial court did not err in entering the challenged finding, and defendants' second contention falls.

Defendants' third contention challenges the propriety of the following findings of fact:

"That during the trial, plaintiff asked additional relief by way of partition or the sale of the property and a division of the proceeds, although there was not any formal motion made to amend the Complaint or amend the prayer of the Complaint; the court is of the opinion that plaintiff should not be permitted to amend and ask any additional remedy or relief." Finding of fact No. 16.

"That if either of the parties desires a partition and they can not agree upon a division or a sale of the premises and a division of the proceeds, then the parties will be left to their remedy in some future action for that purpose." Finding of fact No. 17.

Plaintiff's action was one seeking adjudication of her interest in the property and restoration of her possessory rights. Plaintiff did not request relief by way of partition, until the conclusion of all of the evidence. The trial court evidenced an intention to order a partition; however, defendants strenuously objected, contending plaintiff had not prayed for such and to permit it would prejudice and delay defendants' appeal. The trial court acceded to defendants' wishes.

The trial court did not abuse its discretion,[2] and the defendants are in no position to complain or seek an advantage because their objections were sustained.

The judgment is affirmed.

OTT, C. J., FINLEY, and WEAVER, JJ., and STAFFORD, J. Pro Tem., concur.

[2]*Aylward v. Lally,* 147 Wash. 29, 264 Pac. 983.