[No. 38920.    Department Two.    June 22, 1967.]

Roy Perrin Carter et al., Appellants, v. Weowna Beach Community Corporation et al., Respondents.*

Yates & Yates and Leslie M. Yates, for appellants.

Lane, Powell, Moss & Miller and Thomas S. Zilly, for respondents.

Hunter, J.—The plaintiff (appellant), Roy Perrin Carter, instituted this partition action with 40 other parties plaintiff against 165 defendants (respondents), including the Weowna Beach Community Corporation. By this action the plaintiffs hope to effect the sale of an 80-acre undeveloped tract free and clear of any and all rights of the parties to the action to enforce any restrictions upon the use of the tract as a private community park and watershed. This appeal is from an order of dismissal entered at the conclusion of the plaintiffs' case granting judgment in favor of the defendants.

In 1925, H. F. Schroeppel and his wife (Schroeppel hereinafter will be referred to as the sole grantor), subdivided four government lots on the shores of Lake Sammamish

*Reported in 429 P.2d 201.

into two tracts (hereafter referred to as tract 1 and tract 2). Tract 1, bordering the shoreline, was made up of 81 residential lots and bounded on the east by the lake and on the west by tract 2, as shown in the following original map of the planned subdivision.

Tract 2 was not divided into lots; but rather Schroeppel, as original grantor, deeded to each grantee a one-eighty-first part and share of tract 2 which is now the subject matter of this partition action.

Every deed from the original grantor provided that tract 2 and the interests of the grantees were subject to certain covenants, reservations and restrictions in use of tract 2 as

a private community park and watershed. The pertinent language from the specially printed deed forms is as .follows:

> Together with an undivided one-eighty-first parts and share of, in and to the private community Park, being the West 715 feet and water thereon of government lots one, two, three and four, on the west shore of Lake Sammamish, in said County and State, all of said four lots having been subdivided and shown on unrecorded plat and designated as WEOWNA BEACH, all subject, however, to the following covenants, reservations and restrictions, to-wit:
>
> *The grantee covenants with grantors that this deed and possession of the premises hereby conveyed is accepted subject:*
>
> . . . .
>
> (2) To the joint and common use, pleasure and benefit of said private community park by the several owners of the remaining 81 tracts in said Weowna Beach, including all water thereon, and on that part of said Tract hereby conveyed lying West of said proposed County Road, and the right to lay and maintain service water pipes for the equal distribution of water to the several owners of said 81 Tracts, under such arrangement and plan as a majority of such owners shall determine, including the right to form a water district under the laws of the State of Washington. (Italics ours.)

The record discloses that sale of the lots in 1925 was according to an unrecorded plat and printed maps showing the entire 81 lots and referring to tract 2 as a community park. Copies of these maps were made available to all persons who purchased lots.

Weowna Beach Community Corporation was thereafter formed in order to provide water to the residential lots. Since 1930 the corporation has utilized the private community park as a watershed and source of water supply for many of the residential properties; water being furnished through underground springs to private wells. The park property, itself, aside from its watershed purposes, has remained in its native state and is used for hiking, picnicking and other forms of recreation.

In 1955, tract 2 was subject to a partition action in which the property, which is not suitable to partition in kind, was ordered sold subject to the rights of the residents of Weowna Beach to use the tract for park and water purposes. This action was subsequently abandoned for failure to join all proper parties with some interest in the property. The present action was then instituted to sell the property free and clear of the rights of the owners of the residential properties to use the tract as provided by the deed reservations.

The trial court held that sale of tract 2 free and clear of deed restrictions would be inconsistent with the intention of the original grantor, and would be contrary to the deeded interests of the purchasers to use the entire tract subject only to the rights of the 80 others to use it similarly; that partition should therefore not be granted. Judgment dismissing the plaintiffs' action was entered accordingly. Plaintiffs appeal.

The plaintiffs first contend that the trial court erred in entering finding of fact 5. By this finding the trial court found that it was the intention of the original grantor to set aside tract 2 as a private community park for the owners of the residential properties; that the original purchasers were told and believed and had the right to believe that they could use this entire park subject to the rights of the 80 other purchasers to use it similarly. The plaintiffs argue that aside from the statement contained in the deeds, there is no evidence in the record to justify this finding; that the true reason for not projecting the east-west lines of the waterfront lots across the 80-acre tract was because taxes on the westerly portion would then be based on lots rather than raw acreage.

This argument is without merit. The printed land contracts and deeds are clear and unambiguous in expressing the grantor's intention, and the record supports the trial court's further finding that the purchasers of the residential properties understood and had the right to believe that their use of the community park would be subject only to the rights of the other purchasers to use it similarly.

The plaintiffs next contend that the trial court erred in not granting partition by sale of the property. The plaintiffs argue that the right to sell is guaranteed by the statute (RCW 7.52.010), and the only statutory condition of its enforcement is that partition in kind cannot be made without great prejudice to the owners.

■ We think the plaintiffs' argument is unavailing. The right to sale, as a remedy guaranteed by the statute, *supra*, is not absolute in all cases of partition. *Leinweber v. Leinweber*, 63 Wn.2d 54, 385 P.2d 556 (1963); 40 Am. Jur. *Partition* § 83, p. 72. It is not available where a cotenant, by his own acts, is estopped or has waived his right by express or implied agreement, *Huston v. Swanstrom*, 168 Wash. 627, 13 P.2d 17 (1932); or where his cotenant's equitable rights will be minimized or defeated. *Leinweber, supra*, at p. 56; or in violation of a condition or restriction imposed upon the estate by one through whom he claims. *Ortmann v. Kraemer*, 190 Kan. 716, 378 P.2d 26 (1963); See Annot., 132 A.L.R. 666; 68 C.J.S. *Partition* § 44, p. 66, § 213, p. 346; 40 Am. Jur. *Partition* § 5, p. 5.

The plaintiffs in the instant case purchased their property with full knowledge of the rights and privileges of the other purchasers. They may not now claim the absolute right to sell the property in a manner destructive of these rights and in violation of their own agreement and the restrictions imposed on the estate by the original grantor through whom they claim.

The judgment of the trial court, dismissing the plaintiffs' action with prejudice, is affirmed.

FINLEY, C. J., DONWORTH and NEILL, JJ., and LANGENBACH, J. Pro Tem., concur.