[No. 44246.   En Banc.   January 6, 1977.]

SILVER SURPRIZE, INC., *Respondent,* v. SUNSHINE MINING COMPANY, *Appellant.*

*Winston, Cashatt, Repsold, McNichols, Connelly & Driscoll,* by *Leo J. Driscoll,* for appellant.

*Witherspoon, Kelley, Davenport & Toole,* by *John L. Neff,* for respondent.

BRACHTENBACH, J.—By a divided decision, the Court of Appeals reversed a trial court judgment in favor of the defendant. The Court of Appeals remanded for a determination of damages. Defendant appeals the reversal and plaintiff seeks review of the remand. *Silver Surprize, Inc. v. Sunshine Mining Co.,* 15 Wn. App. 1, 547 P.2d 1240 (1976). We affirm the Court of Appeals.

While the complicated facts are aptly summarized in the Court of Appeals opinion, a brief resume is necessary. The dispute centers about defendant Sunshine's removal of ore from the Yankee Girl Vein (YGV) within a group of mining claims originally owned by plaintiff. In 1946, plaintiff and defendant entered into an exploration agreement concerning those claims. Plaintiff, Silver Surprize, as part of that agreement, conveyed to Sunshine an undivided one–half interest in said claim. Sunshine reserved its extralateral rights therein.

In 1965, Silver Surprize brought suit for an accounting for ore removed by Sunshine from within said claims. Sunshine's main defense was that it owned extralateral rights to Yankee Girl Vein and, alternatively, that the vein was not within the 1946 agreement or that Silver Surprize's action is barred by the statute of limitations and laches.

The trial court held against Sunshine on its claim of extralateral rights. The Court of Appeals affirmed on that point. On this issue, we agree with the scholarly analysis by Judge Green in the Court of Appeals opinion. We adopt it in full and do not repeat it here.

Likewise, we agree with and adopt the opinion of the Court of Appeals that the Yankee Girl Vein was within the 1946 agreement.

■ Therefore Silver Surprize and Sunshine became cotenants with respect to YGV. Since Sunshine's claim of extralateral rights has failed, it must prove an ouster of its cotenant, Silver Surprize, before it can invoke the defenses of the statute of limitations and laches. *McKnight v. Basilides*, 19 Wn.2d 391, 143 P.2d 307 (1943).

■ Again we agree with the rationale of the Court of Appeals that proof of ouster by a cotenant requires a degree of proof stronger and more convincing than that necessary to sustain an ordinary claim of adverse possession. *McKnight v. Basilides, supra.* Likewise we can concur with the Court of Appeals that

> Our function in such a case is not simply to determine whether there is substantial evidence to support a finding of actual or inquiry notice, but whether the evidence meets the higher standard of being "clear", "unequivocal", "unmistakable", or "convincing."

*Silver Surprize, Inc. v. Sunshine Mining Co., supra* at 23; *In re Sego*, 82 Wn.2d 736, 513 P.2d 831 (1973).

In addition to the evidence set forth by the Court of Appeals which militates against a finding of ouster, we note other exhibits which bolster the conclusion that Sunshine was not asserting a claim of ouster. Throughout the period when Sunshine was mining YGV within the Surprize group,

each year it wrote to Silver Surprize regarding the annual assessment work required to keep the claims in good standing. Illustrative is one letter from Sunshine to the secretary–treasurer of Silver Surprize. At a time when Sunshine was removing hundreds of thousands of dollars of ore from the Surprize claims, it advised Silver Surprize that it did not know if there would be sufficient Sunshine work to cover the minimal assessment work in the following year. Another example is in 1956 when a Silver Surprize stockholder made written inquiry to Sunshine as to what was being done in the Silver Surprize group. In response the Sunshine mine manager replied, in part,

> Extensive exploration to gain information on the possibilities of the Silver Surprize property has been carried out on our 3100 level in the claims which adjoin Silver Surprize on the east. The results of this work were not encouraging and no additional exploration is in progress in the area at present.

Significantly a copy of that response was sent to the Silver Surprize president. In fact at that time Sunshine had removed over $2 million worth of ore from the YGV within the Silver Surprize claims. In 1959, Sunshine had mined ore valued at over $300,000 from said claims but advised a Silver Surprize stockholder that "no ore has been discovered from exploration to date, and no exploration work is in progress in the area at the present time."

Like the Court of Appeals, we conclude that such conduct hardly evidences open, notorious, unequivocal, and unmistakable adverse acts of ouster.

In summary it appears that Sunshine relied upon its asserted extralateral rights. Its proof thereof failed. Its claim of ouster falls short of the requisite standard of proof. Consequently the statute of limitations and laches do not come into play.

The only remaining question is Silver Surprize's contention that damages can and should be determined from the record rather than on remand as ordered by the Court of Appeals. In response to interrogatories, Sunshine had given

a calculation of income and expenses related to YGV within the Surprize claims. Plaintiff argues that this accounting allows a determination of damages within the terms of the 1946 agreement. However, several factors warrant the remand. Prior to trial, Sunshine advised the plaintiff and the court that there was error in the data submitted. A pretrial order establishing the amount due plaintiff if it prevailed was stricken. The court specifically found that:

> Defendant requested permission of the court to provide corrected evidence as to such items and amounts at such time as deemed appropriate to the court.
> During the trial the court elected to reserve taking final proof of the damages or accounting until ruling was made whether plaintiff was entitled to receive any sums from defendant. In view of the Findings and Conclusions reached by the Court, the Court finds it unnecessary to take such proof, and makes no finding in respect thereto.

Obviously defendant is entitled to make its proof and remand is proper.

The holdings of the Court of Appeals are affirmed.

STAFFORD, C.J., and ROSELLINI, HUNTER, HAMILTON, WRIGHT, UTTER, HOROWITZ, and DOLLIVER, JJ., concur.

Petition for rehearing denied March 14, 1977.