[No. 6076–1.   Division One.   February 13, 1979.]

PATTY J. CUMMINGS, *Appellant,* v. WALLY H. ANDERSON, *Respondent.*

*Bonjorni, Harpold & Fiori,* and *Gary Abolofia,* for appellant.

*Victor Hoff,* for respondent.

FARRIS, C.J.—Patty J. Cummings appeals from the trial court's decision in a proceeding to partition certain real

property that she owned as a tenant in common with Wally H. Anderson.

The parties were divorced after approximately 5 months of marriage in 1973. Following their divorce, the parties purchased a single–family dwelling in Enumclaw, Washington, on September 22, 1973. The house was purchased on a real estate contract that provided for a $2,500 down payment and a lump sum payment of the balance of $16,679 on August 1, 1975. They moved into the house following purchase, were remarried in February 1974 and lived together until August 1974, when Cummings departed and took with her at least $1,400 worth of community personal property and cash. The second marriage was dissolved on March 27, 1975. At the dissolution proceeding no mention was made of the personal property and cash that Cummings had taken with her in August 1974 and no disposition was made of the real property now in question. Cummings' later offer to pay Anderson $1,000 for his equity in the real property was refused.

Cummings subsequently initiated this action for partition of the real property; Anderson counterclaimed for partition of the $1,400 in personal property and cash. Anderson has resided on the property continuously with his two children and has made improvements to the house worth approximately $1,000. Since Cummings' departure, he has paid all taxes, maintained insurance and met any payments necessary to retain the property. The trial court awarded the real property to Anderson and allowed Cummings to keep the $1,400 in community personal property and cash.

Cummings argues that the trial court should have determined the market value of the real property, divided that amount equally between the two parties and given Anderson an equitable lien against the property for the amount he paid toward Cummings' obligations. Cummings also contends that she was ousted from the property because of certain alleged incidents of sexual misconduct.

For this reason, she claims one–half of the rental value of the property during the period of her absence.

■ Tenants in common presumably have equal shares of ownership when the instrument under which they claim is silent in that regard. This presumption is rebuttable. *Iredell v. Iredell,* 49 Wn.2d 627, 631, 305 P.2d 805 (1957). When this presumption is rebutted, the respective ownership interests of cotenants will be presumed to be in proportion to the amount contributed by each. *Iredell v. Iredell, supra* at 631. *See Shull v. Shepherd,* 63 Wn.2d 503, 507, 387 P.2d 767 (1963), *quoting West v. Knowles,* 50 Wn.2d 311, 311 P.2d 689 (1957), *citing Iredell v. Iredell, supra.*[1]

■ Anderson failed to rebut the presumption of equal ownership. The trial court found a specific intention by the parties to share the property equally:

[Cummings] and [Anderson] originally contemplated that each would have equal shares of ownership.

Finding of fact No. 2. This finding is supported by substantial evidence in the record. It follows that the parties owned the property equally. A cotenant's excess contributions do not increase his or her ownership interest. On partition, Anderson is entitled to an equitable lien on the property for contributions he made in excess of his ownership interest. *Fritch v. Fritch,* 53 Wn.2d 496, 335 P.2d 43 (1959); *Cook v. Vennigerholz,* 44 Wn.2d 612, 269 P.2d 824 (1954).

■ Anderson does not contest the fact that the parties, when entering into the purchase agreement, intended to share equally in all rights and obligations under the agreement. He contends, however, that the agreement was merely an option to purchase the property by either paying the purchase price in full within 2 years or forfeiting the land. The trial court apparently rejected the argument. In

---

[1]*Shull* fails to mention the critical requirement that the presumption of equal ownership must be rebutted before a court will presume that the property should be divided according to each cotenant's contribution.

several findings it referred to the purchase agreement as a real estate contract. No error is assigned to these findings; they are, therefore, verities on appeal. *E.g., Riley v. Rhay,* 76 Wn.2d 32, 454 P.2d 820 (1969); *Gannon v. Robinson,* 59 Wn.2d 906, 371 P.2d 274 (1962).

█ Partition is an equitable action in which the court has great flexibility in fashioning appropriate relief for the parties. *Leinweber v. Leinweber,* 63 Wn.2d 54, 385 P.2d 556 (1963). Generally, a cotenant has a right to partition in the absence of estoppel, waiver or a valid agreement to the contrary. *See Carter v. Weowna Beach Community Corp.,* 71 Wn.2d 498, 429 P.2d 201 (1967); *Reilly v. Sageser,* 2 Wn. App. 6, 467 P.2d 358 (1970). If a court cannot divide the property equally, the property should be sold and the proceeds divided equally, *Williamson Inv. Co. v. Williamson,* 96 Wash. 529, 535, 165 P. 385 (1917), subject to the equities, with allowances for improvements and excess contributions. *Leinweber v. Leinweber, supra.*

The trial court concluded that Cummings was not entitled to any portion of the real property because she took $1,400 worth of community personal property and cash on August 23, 1974. It would not be error to offset Cummings' share on partition by Anderson's interest in the $1,400. However, the record fails to support a conclusion that Cummings' interest in the real property is limited to that amount.

█ When the findings of fact establish equal ownership, the conclusions of law must be consistent with those findings. Cummings' removal of the jointly–owned personal property and her subsequent failure to make contributions to the jointly–owned real property do not require forfeiture of her interest in the real property. The trial court's conclusion that these acts precluded her request for equitable relief is erroneous. *See Fritch v. Fritch, supra.*

██ Cummings claims that she was ousted or constructively evicted and should be compensated because Anderson enjoyed exclusive control of the house after her ouster. In Washington, one cotenant is not liable to another

for use and occupancy of common property in the absence of some contrary agreement, ouster or denial of equal rights to the property. *Fulton v. Fulton,* 57 Wn.2d 331, 334–35, 357 P.2d 169 (1960). The trial court concluded that Cummings was not ousted or constructively evicted, apparently believing that the acts complained of were insufficient to constitute ouster and support a claim for one–half the rental value of the property. *Cf. Silver Surprize, Inc. v. Sunshine Mining Co.,* 15 Wn. App. 1, 547 P.2d 1240 (1976), *aff'd,* 88 Wn.2d 64, 558 P.2d 186 (1977) (ouster of a cotenant requires a degree of proof stronger and more convincing than that necessary to sustain an ordinary claim of adverse possession). Substantial evidence supports the trial court's conclusion. Constructive eviction is not applicable here. There is no landlord–tenant relationship. *See Coulos v. Desimone,* 34 Wn.2d 87, 208 P.2d 105 (1949); *Erickson v. Elliott,* 177 Wash. 229, 31 P.2d 506 (1934).

Cummings contends that the fact that Anderson expended labor and materials worth approximately $1,000 in improving the house is not a relevant factor to consider for purposes of adjusting the parties' respective ownership interest in the property. We agree. It may be a relevant consideration, however, for the purpose of computing the amount of contribution owed Anderson. *Leinweber v. Leinweber, supra; Fritch v. Fritch, supra.*

The cause is remanded to the trial court with instructions that the property be partitioned equally, subject to such setoffs and liens as are justified by the record.

Reversed and remanded.

WILLIAMS and ANDERSEN, JJ., concur.

Reconsideration denied June 21, 1979.

Review granted by Supreme Court October 12, 1979.