**Margaret Ann EASTMAN, Plaintiff and Appellant,**

v.

**Brian W. NELSON, Defendant and Appellee,**

and

**Gate City Savings and Loan Association of Fargo, North Dakota, Mortgagee.**

Civ. No. 10028.

Supreme Court of North Dakota.

May 13, 1982.

---

Solberg, Stewart, Boulger & Miller, Fargo, for plaintiff and appellant; argued by Garylle B. Stewart, Fargo.

William Kirschner, Fargo, for defendant and appellee.

PAULSON, Justice.

Margaret Ann Eastman appeals from the judgment of the District Court of Cass County dated May 4, 1981. We affirm.

On March 23, 1973, Margaret Ann Eastman [Margaret] and Brian W. Nelson [Nelson] purchased certain real property in the city of Fargo. Margaret and Nelson acquired the property as tenants in common, and each signed an "Assumption of Indebtedness," thereby assuming the existing mortgage on the property. The parties took possession of the property, with Nelson and Tom Eastman, Margaret's husband, engaging in a partnership law practice on the premises. Through February, 1978, Margaret Eastman and Nelson contributed equal-ly to the mortgage payments and other necessary expenses on the property.

Beginning in March, 1978, Nelson ceased making any further mortgage payments or other financial contributions, and Margaret continued to meet all financial obligations on the property. At some point in time, Tom Eastman and Nelson dissolved their partnership, and they now are engaged in separate law practices on the premises.

Margaret Eastman brought a partition action pursuant to Chapter 32–16 of the North Dakota Century Code, seeking a sale of the property, adjudication of the respective interests of the cotenants, and disposition of the proceeds of the sale. Margaret requested that the court find that Nelson had abandoned his interest in the property, as evidenced by his failure to contribute, and declare his interest in the property to be forfeited to Margaret. In the alternative, Margaret requested that the court distribute the proceeds of the sale to Margaret and Nelson in proportion to their respective financial contributions to the property.

On February 28, 1980, the parties filed a written stipulation with the court, whereby they stipulated to the relevant facts and agreed that the property would be sold by private sale within 60 days, with the proceeds of the sale to be divided between the parties in accordance with the court's order determining their respective equity interests in the property. The parties thereafter submitted briefs arguing their respective positions on how the proceeds of the sale should be divided between them.

In its memorandum opinion dated April 15, 1981, the district court ordered that Nelson make contribution for his share of all expenditures on the property which Margaret had made after March 1, 1978, with interest at the legal rate of six percent. Nelson was then to retain his one-half interest in the commonly held property, and would receive one-half of the proceeds from its sale. The court further ordered that if Nelson failed to make contribution within 32 days he would be deemed to have abandoned his interest in the property. Judgment in accordance with the memorandum opinion was entered on May 4, 1981.

Nelson appealed from the district court judgment, and Margaret filed a cross-appeal. Nelson subsequently abandoned his appeal, and we are therefore presented only with Margaret's cross-appeal.

The sole issue raised on appeal is whether or not the district court erred in allowing Nelson to make his overdue payments on the property with interest and thereby retain his one-half interest in the jointly held property. Margaret argues that the court should have declared Nelson's interest to be forfeited to her, or, in the alternative, that the parties' respective interests in the property should have been computed according to their respective financial contributions towards the property.

An action for partition lies within the courts' equity powers. *Knight v. Harrison*, 43 N.D. 76, 88, 174 N.W. 632, 636 (1919). Trial courts necessarily exercise wide judicial discretion in partition actions to "do equity" and to make a fair and just division of the property or proceeds between the parties. *Richmond v. Dofflemyer*, 105 Cal.App.3d 745, 766, 164 Cal.Rptr. 727, 739 (1980); *Miller v. Miller*, 222 Kan. 317, 564 P.2d 524, 527 (1977). In exercising its discretion in a partition action, the trial court has great flexibility in fashioning appropriate relief for the parties. *Cummings v. Anderson*, 22 Wash.App. 634, 638, 590 P.2d 1297, 1300 (1979). A trial court's determination of the proper division of property or proceeds between the parties and the form of relief granted will not be disturbed on appeal unless the trial court has abused its discretion. *Miller v. Miller, supra*, 564 P.2d at 527–528; see *Berg v. Kremers*, 181 N.W.2d 730, 731 Syll. ¶ 4 (N.D.1970).

In *Fettig v. Fettig*, 277 N.W.2d 278, 280 (N.D.1979), we discussed the general rule as to contribution obligations between cotenants:

"The Supreme Court of New Mexico recently concluded that the general rule as to contribution obligations between cotenants as expressed in Annotation, 48 A.L.R.2d 1305, 1308 (1956), is:

"'... a cotenant who pays more than his share of a debt secured by a mortgage or other lien on the common property, or of interest falling due on such debt, is entitled to reimbursement (contribution) from his cotenants to the extent to which he paid their shares of the indebtedness.' *Laura v. Christian*, 88 N.M. 127, 537 P.2d 1389, 1391 (1975).

"The New Mexico court further concluded that it was a general rule that the option to contribute must be exercised within a reasonable time and the reasonableness of the time depends upon the circumstances in each case."

Margaret argues in the instant case that Nelson failed to make contribution within a reasonable time, and that his interest in the property should therefore be forfeited to her. Margaret points to the following language in *Stevahn v. Meidinger*, 79 N.D. 323, 340, 57 N.W.2d 1, 12 (1952), in support of her argument:

"In case a cotenant purchases an outstanding adverse title or claim to the common property, or pays a mortgage against the common property, or redeems the whole common property from the foreclosure of such mortgage, if the other cotenants 'do not voluntarily contribute their respective shares of the cost within the reasonable time allowed by law, he can avail himself of the title thus acquired to compel them either to pay or to forfeit their interests in the property.'"

However, the court in *Stevahn* went on to quote with approval, and emphasize with italics, the following language from *Oliver v. Lansing*, 57 Neb. 352, 358–359, 77 N.W. 802, 804 (1899):

"'We have been referred to by counsel to no case, and in the course of a pretty thorough investigation have found none, in which it is held that payments made by one co-tenant beyond his just proportion, to reduce incumbrances, results in an expansion of the interest or ownership of such tenant in the common property. On the contrary, the doctrine of all the authorities seems to be that his interest, in such case, remains the same, but that, to

the extent he has made payments beyond his share, he stands in the shoes of the creditor, to whom the payments have been made.' "

*Stevahn, supra,* 79 N.D. at 344, 57 N.W.2d at 14–15. We believe that the language of the two passages of *Stevahn* quoted above establishes that a cotenant who fails to make contribution within a reasonable time may be deemed to have abandoned his interest in the property, and his interest will be forfeited to his cotenant; however, when the court finds that the cotenant has not failed to make contribution within a reasonable time, the interest of the paying cotenant is not expanded by virtue of his payments in excess of his own share.

The district court in the instant case concluded that Nelson's failure to make payments on the property did not constitute abandonment, and therefore did not require forfeiture of his interest in the property. The court further concluded that it would be inequitable to allow Margaret an expanded interest in the property, and ordered that Nelson make contribution for his share of all expenditures on the property which Margaret had made after March 1, 1978, with interest at the legal rate. The court further ordered that Margaret and Nelson were each to retain a one-half interest in the property, with proceeds of the sale of the property to be divided equally between them.

█ We conclude, in light of the foregoing language from *Stevahn,* that the district court did not abuse its discretion when it allowed Nelson to make contribution and retain his one-half interest in the property. The judgment of the district court is affirmed, and costs on appeal are assessed against the appellee.

ERICKSTAD, C. J., and PEDERSON, VANDE WALLE and SAND, JJ., concur.